JOSEPH DAWKINS, PLAINTIFF IN ERROR, VS. CURTIS CARROLL, DEFENDANT IN ERROR.

An Appeal or Writ of Error does not lie to an order granting a new trial in a common law case.

This was a Writ of Error, under the act of 1852–'3, to an order of the Circuit Court of Leon County, granting a new trial to the defendant in error. The Writ of Error was issued, and the cause taken to the Supreme Court, before it was finally decided in the Court below upon the new trial granted.

*Archer* and *Papy* for Plaintiff in Error.

*D. S. Walker* for Defendant in error.

BALTZELL, C. J., delivered the opinion of the Court.

It was not the design of the Legislature, as we conceive, in the passage of the act of 1852–'3, "in addition to and amendatory of the several acts concerning Writs of Error and Appeals to the Supreme Court," to allow a Writ of Error to an order granting a new trial. That act provides

" that orders and judgments wherein the Circuit Court shall allow and grant, or shall refuse to allow and grant any motion for a new trial, or any motion to amend the pleadings, or to file new and additional pleadings, or to amend the record of any cause during the term of the Court at which it was determined, or shall refuse to allow and grant a motion for the continuance of the cause, *shall and may be assigned for matter and cause of error*, upon any writ of error sued out, or appeal taken to the Supreme Court."

By the original act, an Appeal or Writ of Error lies only to a final judgment, and it is upon the trial of a case so brought up that the grant or refusal of any or all these motions may with propriety be determined. To allow the appeal during the progress of the case, as the pleadings are amended, or a motion for a new trial, or a continuance is granted or refused, would be to protract and delay a case, at the caprice of either party, to the almost entire defeat of justice. We are not aware of any such course in any of the States where these orders are the subject of revision ; indeed, are confident that the opposite practice universally prevails.

In the succeeding section of the same act, we find a provision " *that appeals may be taken and prosecuted from any interlocutory order*, decision, judgment, or decree of the Circuit Court, sitting as Courts of Equity." Why this change of language, unless to intimate a different purpose on the part of the Legislature in the two classes of cases ?

The Writ of Error will be dismissed, with costs.