592 SUPREME COURT.

Anderson vs. The Presbyterian Church—Opinion of Court.

DANIEL G. ANDERSON, APPELLANT, VS. THE PRESBYTERIAN
CHURCH OF GAINESVILLE, APPELLEE.

1. An appeal in a common law case lies only after final judgment, and that final judgment must appear in the record otherwise than by a mere recitation of the fact in the bill of exceptions.

2. Where the plaintiff asks and voluntarily submits to a non-suit, no appeal lies at his instance to this Court. A court of review will not in such case on appeal reverse the judgment of non-suit, nor will it look into other questions presented by the bill of exceptions.

This is an appeal from a judgment rendered in the Circuit Court for Alachua county in an action of assumpsit, wherein Daniel G. Anderson was plaintiff, and the Presbyterian Church of Gainesville was defendant. The record contained no final judgment. It was apparent from the bill of exceptions that the plaintiff had taken a non-suit in the case.

S. Y. Finley for Appellant.

J. B. Dawkins for Appellee.

WESTCOTT, J., delivered the opinion of the court.

This is an appeal from the fifth circuit. The case was heard in Alachua county.

There were judgments of the court upon demurrers of the plaintiff and defendant respectively. After this, amendments were permitted and the parties went to the jury. The plaintiff, after having offered certain evidence to sustain the issues joined upon his [part, saw proper to take a non-suit. Such was the final disposition of the case as it appears from a statement in the bill of exceptions. This judgment is properly no part of the bill of exceptions, and a mere recitation of the fact in the bill of exceptions that such a judgment was rendered cannot cure the want of the judgment in the record.

An appeal in a common law case lies only after final judg-

ment, (5 Fla., 407,) and as in this case the record does not disclose a final judgment, the appeal must be dismissed. This defect might be remedied by the court directing *sua sponte* a certiorari to bring up the judgment of non-suit, but we deem it unnecessary.

We cannot perceive how, when this judgment is entered upon the motion of the plaintiff, an appeal lies from it to this court. The taking of a non-suit was a matter within the discretion of the plaintiff under the rules. It involved at the hands of the court no exercise of judicial judgment upon any matter of law involved in the case, and was a judgment rendered independent of the facts or law of the case. If the plaintiff wished to avail himself of any of his objections to the rulings of the court as to the admissibility of testimony, or to its charge, he should take exceptions and proceed with his cause before the jury. He cannot avail himself of his bill of exceptions or of other errors in the record to reverse the judgment of non-suit, which was the necessary consequence of his own act.    18 Wend., 172.

The appeal is dismissed with costs.