THOMAS E. SAVAGE, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

On a motion for a rehearing in this case, the attention of the court for the first time being called to the fact that no final judgment is found in the record, such point not having been made in the briefs upon which the cause was submitted, the writ of error must be dismissed.

Writ of error to the Circuit Court for Volusia county.

This case was decided at the January Term, 1882, on its merits as then submitted, and the decision is reported in 18 Fla., 970. Leave was granted at that term to file a petition for rehearing, and it was filed by Mr. John W. Price, attorney for plaintiff in error, within the time allowed after the term.

The facts are stated in the opinion.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court on the petition:

We have examined the petition for rehearing in this cause. The grounds, as stated in such petition, are, first, that subsequent to the trial, conviction and sentence of the plaintiff in error, and while the cause was pending in this court upon a writ of error, the law under which the indictment was found, upon which the trial was had, was repealed; second, that there is no formal final judgment against the plaintiff in error contained in the record, but only an entry upon the minutes that the sentence was pronounced by the court.

Neither of these points were made by the counsel for the plaintiff in error in the assignment of error, nor upon his brief, but the judgment was treated and argued by him as having been duly and formally entered and presented in

the record, and the attention of the court was in no way called to either of such, now assigned errors.

Rule 24 of the Supreme Court provides that "the petition shall not assume any new ground or position not taken upon the argument or in the points made, upon which the cause was submitted, but must set forth concisely the particular omission or cause for which the judgment is supposed to be erroneous."

In this case, however, inasmuch as our attention is now called to the fact that no final judgment is found in the record, the writ of error must be dismissed.

# DECISIONS

OF THE

# SÜPREME COURT OF FLORIDA.

## JANUARY TERM, A. D. 1883.