O. V. GATES, APPELLANT, VS. EMELINE S. HAYNER ET AL., APPELLEES.

1. An appeal does not lie in a common law action, except from a final judgment properly entered.

2. A final judgment disposes of the action, and not merely of points raised in it.

3. An entry upon a demurrer to a declaration of "demurrer sustained" does not dispose of the action, and is not a final judgment.

4. A bill of exceptions is not necessary to the review of errors apparent upon the record.

5. Where the transcript on appeal in a common law case does not show an entry of a final judgment in the action, the appeal will be dismissed by the appellate court of its own motion.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion.

*Hammond & Johnson* for Appellant.

*Alex. St. Clair-Abrams* for Appellees.

MR. JUSTICE RANEY delivered the opinion of the court.

The appellees, who were defendants, demurred and on the same day filed pleas to the declaration. The only entries in the nature of a judgment of the court are, one of "demurrer sustained" which is signed by the Judge, he also noting an exception by the plaintiff to his rulings; and another, of "above motion overruled" made on a motion of the plaintiff to set aside the above "order sustaining the demurrer." These do not constitute a final judgment. The latter entry merely left the former standing in full

force and effect. The former entry did not make a final disposition of the case, and as affecting such a disposition is no more than an order upon which a formal final judgment sustaining the demurrer, and that the plaintiff take nothing by his declaration, and that the defendant recover his costs, might be entered. Until there is an entry of a final judgment terminating the case, no appeal or writ of error lies to this court in a common law action. Chapter 3430, p. 53, of the acts of 1883, does not change this rule.

Where a plaintiff whose declaration has been demurred to successfully does not desire to amend, but wishes to rest on the pleading as it stands, he must suffer final judgment upon the action to go against him, and until there has been an entry of a judgment disposing of the action he cannot obtain a review of the ruling, under our statutes. Though the demurrer has been sustained by the entry made, yet the action is still pending, and as long as it is this court cannot touch the case. Sedgwick vs. Dawkins, 17 Fla., 811, 555; 18 ib., 335; Savage vs. The State, 19 Fla., 561; Anderson vs. Presbyterian Church, 13 ib., 592; Branch vs. Branch, 5 ib., 447; Harrison vs. Thurston & Buist, 11 ib., 307; Cook vs. Cook, 18 Fla., 634; Coons vs. Harllee, 17 ib., 484.

There is a bill of exceptions in the record setting forth the ruling of the Judge on the demurrer. Neither an exception nor a bill of exceptions is necessary where the error, if there be any, is apparent upon the record, but the office of a bill is to incorporate into the record matters which otherwise would remain *in pais*. Jones vs. McCallum, 21 Fla.; Sams vs. King, 18 Fla., 553; Pittman, Admr., vs. Myrick, 16 Fla., 692.

The appeal must be dismissed, and it will be so ordered.