WILLIAM T. BROWN, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

OFFICE OF A BILL OF EXCEPTIONS—PRESENCE OF PRISONER IN COURT.

1. At common law a writ of error did not lie to correct an error which was not apparent on the record, and the statute of 13 Ed. I, was enacted to provide a remedy for reviewing decisions of the trial court on matters *in pais*, to which exception was taken; and strictly at the common law it was doubted if this statute applied to any criminal case.

2. Our statute (section 1, Chapter 138, Laws of 1848, section 1, page 454, McClellan's Digest) allows a bill of exceptions in criminal cases, but it does not undertake to point out the matters and things which are proper to appear in a bill of exceptions, or the matters decided by the trial court, which may in this way be presented for review to the appellate court; and what is a bill of exceptions, and its true office, are matters left for judicial ascertainment.

3. The true office of a bill of exceptions is to present some objection in point of law to the opinion, judgment, direction or action of the trial court on matters which do not properly appear of record, and it is not its office to supersede or take the place of any requisite record entries in a cause, but to present excep-

tions taken during the progress of the trial, to the opinion and decision of the judge on matters which otherwise would remain *in pais*.

4. The record proper should show in case of felony that the jury was sworn, and an omission in this respect is fatal to a conviction, and it can not be supplied by a recital in the preface of a bill of exceptions, intended merely to connect the bill with the case tried, that the jury was sworn.

5. In felonies it is necessary that the accused be personally present during the progress of the trial, including the judgment or sentence of the court; but while it is best always to have the record to show directly and affirmatively that the accused was personally present at each and every stage of the trial, it will be sufficient if it appear therefrom by necessary and reasonable implication that he was present.

Writ of Error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*A. W. Cockrell & Son* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MABRY, J. :

An information was filed in the Criminal Court of Record of Duval county on the second day of November, A. D. 1891, by the county solicitor of said court against the plaintiff in error, charging him with the crime of perjury. After an arraignment upon this in-

formation and a plea of not guilty, the plaintiff in error was tried and convicted on the 14th day of November, A. D. 1891, of the offense of which he was charged, and on the 28th day of said month was sentenced to the penitentiary for the term of three years. On his application the record in this cause has been certified to this court under a writ of error, and the same is before us for review.

No objection was made in the Criminal Court, nor is any presented here, to the sufficiency of the information, and it is not necessary to set it out in this opinion.

After an examination of the record before us we have become convinced that the judgment of the lower court must be reversed and the cause remanded.

We will refer to only two of the objections presented here to the validity of the judgment rendered against the plaintiff in error, and both of these relate to the sufficiency of the record of the proceedings against him in the trial court. It is claimed in the first place that the record does not show that the jury who rendered the verdict against the plaintiff in error was sworn. From the record entries, as appears from the transcript before us, we find no mention made of the jury's having been sworn. The minute of the court in reference to the trial of the accused, as made to appear to us, is in this language, viz: "And now comes the County Solicitor, and the defendant in the above en-

titled cause ; said defendant being arraigned, pleaded not guilty, whereupon came a jury, to-wit:" (their names are here given) "who, having heard the evidence, argument of counsel, and the charge of the court, re- tired to consider of their verdict; which, after due de- liberation, they brought in in the words and figures as follows" (then follows the verdict of guilty).    It will not be questioned that it was absolutely essential for a proper conviction of the accused that the jury should have been properly sworn before rendering a verdict against him ; and it is also essential that this fact should appear upon the record.    We held, and we think correctly, in the case of Garner vs. State, 28 Fla., 113; 9 South. Rep., 835, that where the record shows simply that the jury was sworn, it was sufficient.  This is true where no exception is taken to the manner in which the jury is sworn, and in such case the record recital that the jury was sworn, is evidence sufficient that it was done as provided by law.    But the record must show that the jury who tried the accused was sworn.    Crist vs. State, 21 Ala., 137 ; Rich vs. State, 1 Texas Ct. App., 206 ; Dyson vs. State, 26 Miss., 362. In the case before us the bill of exceptions made up and signed in pursuance of a special order for that purpose, some time after the trial, recites that the jury was sworn.    This recital is found in the caption of the bill of exceptions in the usual form, and as copied here is as follows :  " Be it remembered that at a term of the Criminal Court of Record for Duval county, Flor-

ida, held at Jacksonville, Duval county, on the fourth Tuesday in November, A. D. 1891, a cause therein pending wherein the State of Florida was plaintiff, and W. T. Brown was defendant, came on to be heard before the Hon. H. B. Phillips, judge of said court, at which day came the said parties by their respective attorneys ; and thereupon, the said issues in manner and form aforesaid joined, came on to be tried ; and the jurors of the jury aforesaid, whereof mention is made within, being called, likewise came, and were sworn to try the issues in manner aforesaid joined ; and thereupon the plaintiff, to maintain the issues on its part, introduced as a witness," etc. Does this recital in the bill of exceptions that the jury was sworn, supply the omission in the record ? If it does not, there is no sufficient record evidence before us that the plaintiff in error was ever properly convicted.

Our statute provides "that it shall be the duty of the judges of the circuit courts of this State, upon the trial of any person or persons charged with crime or misdemeanor in said court, to sign and seal, upon request, any bill of exceptions taken during the progress of the cause and tendered to the court : Provided, The said bill of exceptions as tendered, fairly state the truth of the matter and the exceptions designed to be taken ; and the same shall, when signed, become a part of the record of such cause." Sec. 1, Chapter 138, Laws of 1848, sec. 1, page 454, McClellan's Digest. At

common law a writ of error did not lie to correct an error which was not apparent on the record, and, therefore, where a party to a cause objected to the decision of the court on matters *in pais*, he was without any legal remedy whereby such a decision could be certified to the appellate court for review.   To remedy this defect, it was enacted by statute 13 Ed. I., "if one impleaded before any of the justices allege an exception, praying that the justices will allow it, that, if they will not, and if he write the exceptions, and require the justices to put their seals to it, the justices shall do so, and if one will not, another shall."   2 Phillips on Evidence, 996 ; 2 Tidd's Practice, 862 ; Proctor vs. Hart, 5 Fla., 465.   It will be noted that the statute was designed to provide a remedy for reviewing decisions on matters which did not appear on the record.   This statute of 13 Ed. I. is old enough to be in force here, and is undoubtedly a part of our law applicable to civil causes.   It was said that this statute did not apply to indictments for treason and felony, and it was doubted if it applied to any criminal case. 1 Chitty's Crim. Law, 622 ; 2 Phillips on Evidence, 997 ; 2 Tidd's Practice, 862 ; *Ex parte* Vermilyea, 6 Cowen, 555 ; *Ex parte* Barker, 7 Cowen, 143.   In Wynhamer vs. People, 20 Barbour, 567, it is said "bills of exceptions in criminal cases are unknown to the common law.   The right to a bill of exceptions in such a case is given by statute."   Our statute above referred to gives the right to a bill of exceptions in a criminal case, but it does not undertake to point out

the matters and things which are proper to appear in a bill of exceptions, or the particulars wherein the rulings of the trial court may in this way be presented for review to the appellate court.   The provision is, that the judge shall sign and seal, upon request, any bill of exceptions taken during the progress of the cause, and tendered, provided it fairly states the truth of the matter, and the exception designed to be taken. What is a bill of exceptions, and its office, are left by the statute for judicial ascertainment.   The true office of a bill of exceptions, as appears from what has already been said in reference to the occasion of the enactment of 13 Ed. I., is to present some objection in point of law, to the opinion, action or direction of the trial judge on matters which do not properly appear of record.   The conception of a bill of exceptions was not to supersede or take the place of any requisite record entries in a cause, but to present exceptions taken during the progress of the trial to the opinion and decision of the judge in matters which otherwise would remain *in pais*.   Strictly at the common law the bill of exceptions was no part of the record in the trial court, and the original was carried into the court of error and there annexed to the record.   A method for the proof of the judge's signature was provided, in case it was questioned.   The bill of exceptions, being for the benefit of the party who tendered it, remained in his possession, and he could use it or not as he saw proper.   Gardner vs. Baillie, 1 Bos. & Pull., 32 ; 2 Tidd's Practice, 864, 865.   Our statute provides that when the bill of exceptions is signed by the judge,

it shall become a part of the record of the cause. This does not, in our judgment, mean that it shall become a record of matters not properly recited therein. The record proper should speak for the matters required to be recorded there, and the bill of exceptions is authoritative evidence of matters which are properly allowed therein. A different rule would tend to confusion, and might result in complication in attempting to reconcile conflicting statements of record in the same case. Our predecessors have all along recognized the special office of a bill of exceptions. Proctor vs. Hart, *supra*. In Cato vs. State, 9 Fla., 176, it is said : " The bill of·exceptions is a great privilege accorded to a party, to cause that to be made a matter of record which would not otherwise appear in the history of the trial ; and it is for him, therefore, to be careful to have incorporated into his bill whatever *fact* he may desire to rely upon as matter of error." In Gates vs. Hayner, 22 Fla., 325, it is said : "Neither an exception nor a bill of exceptions is necessary where the error, if there be any, is apparent upon the ·record, but the office of a bill is to incorporate into the record matters which would otherwise remain *in pais*." In Gallaher vs. State, 17 Fla., 370, the language of the court on this subject is that "the bill of exceptions is a simple history of the case as tried, and should contain nothing more nor less than the facts as they appeared to the court and jury, from the commencement of the trial until the final judgment by the court." The court was considering at the time the necessity of making objections to the introduction of evidence when offered. In

reference to the facts, or evidence in the case, the bill
of exceptions is the only method provided to get them
before the appellate court, as they do not in a trial at
law otherwise appear on the record.   In speaking of
such a bill of exceptions, it is accurate to say that it
should be a history of the case, and contain the facts
as they appear to court and jury.    There was nothing
in the facts of this case which will justify the inference
that the court intended to hold that the office of the
bill of exceptions was to supply the record proper of
those matters which should be in the minutes of the
court.   In a case in Indiana, under a statute which
provided that the accused may plead the general issue
orally, which shall be entered upon the minutes of the
court, the record entry failed to disclose affirmatively
that a plea to the indictment had been entered.    The
bill of exceptions recited that the defendant pleaded
not guilty.   It was held by the court that it was no
part of the office of a bill of exceptions to supply that
which is essential to the validity of, and which the law
requires to appear upon, the record of the court, and
the judgment was reversed.  Bowen vs. State, 108 Ind.,
411.   In People vs. Rathbun, 21 Wend., 509, it is said
that the statute allowing a bill of exceptions in crim-
inal cases makes it applicable to the same extent as it
was in a civil cause.   There a bill of exceptions was
confined to some point of law arising at the trial which
could not be made apparent in a course of regular entry
on the record.   And so we conclude here that the rec-
ord proper should show in a case of felony that the
jury was sworn, and an omission in this respect is fatal

to a conviction, and can not be supplied by the recitals in the preface of a bill of exceptions intended merely to connect the bill of exceptions with the case tried.

We notice another objection urged here to the judgment of the court, and which is, that the accused was not present when sentence was pronounced against him.

The record shows that the trial was had and verdict rendered on the 14th day of November, A. D. 1891. On the 16th day of that month it appears that the accused entered into bond for his attendance from day to day on the court, and in reference to the sentence of the court the record entry is as follows:

"SATURDAY, November 28th, A. D. 1891.

STATE OF FLORIDA }
vs. } Information for Perjury.
W. T. BROWN. }

" By virtue of the verdict with recommendation to the extreme mercy of the court rendered on a prior date in the above entitled cause, it is hereby ordered and adjudged by the court that you, W. T. Brown, be taken by the sheriff of Duval county, Florida, or his lawful deputy, to the State's prison of the State of Florida, and delivered to the principal keeper thereof, and there to be confined in said State's prison, at hard labor, for the period of three years from the date of your incarceration therein. The motion for new trial duly made in the above entitled cause is hereby ordered, overruled and denied. Exception noted."

The motion for new trial mentioned in the above order is signed by counsel for plaintiff in error.

In felonies it is necessary that the accused be personally present during the progress of the trial, including the judgment or sentence of the court imposing the penalty of the law.   But while it is best always to have the record to show directly and affirmatively that the accused was personally present at each and every stage of the trial, yet it will be sufficient if it appear therefrom by necessary and reasonable implication that he was present.   Irvin vs. State, 19 Fla., 872 ;  1 Bish. Crim. Pro., sec. 1180, and authorities cited.   The record before us shows that the accused was present at the trial, but after conviction he is discharged on bond.   In the copy of the order of the sentence before us there is nothing to show that the accused was present.   There is no recital of his presence, nor does it appear that he was asked if he had anything to say, why the sentence of the law should not be pronounced upon him.   The language, "ordered and adjudged by the court that you, W. T. Brown, be taken by the sheriff," etc., to prison does not carry any necessary implication of a personal presence.   If the accused had been present, however, the failure to ask him if he had anything to say, why sentence should not be passed upon him, would be no ground to reverse the judgment of the court.   See Hodge vs. State, 29 Fla., 500; 10 South. Rep., 556.

The record in this case has not been properly made up, and in the transcript before us papers are copied without anything to show how they found their way into the case.   The reversal here is upon grounds which should not have existed, and they can be avoided

by proper attention to the making up of the record and the preparation of the transcript for writ of error. The jurisdiction of the Criminal Court of Record of Duval county includes the power to investigate charges of gravity involving the liberty of the citizen ; and it is not only proper, but essential, that the correct record entries should be made. Their absence cannot be dispensed with, especially when objections are based on them here.

The judgment is reversed, the cause remanded, and a new trial awarded.