WILLIAM M. TUNNO, APPELLANT, VS. THE INTERNATIONAL RAILWAY AND STEAMSHIP COMPANY, APPELLEES.

1. An appeal at common law lies only after final judgment, and that final judgment must appear in the record otherwise than by the bill of exceptions.

2. Where the transcript on appeal in a common law case does not show an entry of a final judgment in the action, the appeal will be dismissed by the appellate court of its own motion.

Appeal from the Circuit Court for Sumter-county.

The facts of the case are stated in the opinion of the court.

*E. C. F. Sanchez* for Appellant.

No appearance for Appellee.

Tunno v. International Ry. & Steamship Co.—Opinion of Court.

(Judge BARNES, of the First Circuit, and Judge CALL, of the Fourth Circuit, sitting in the place of Mr. Justice TAYLOR and Mr. Justice MABRY, disqualified).

CALL, Circuit Judge:

This cause is brought here from Sumter county by appeal.

A careful and thorough examination of the transcript filed here does not show the entry of any final judgment from which, under our statutes, an appeal will lie. The fact of the entry of a final judgment is a jurisdictional fact, and must appear from an inspection of the record in common law actions before this court can hear and determine the errors assigned. When the transcript in a common law action does not show an entry of a final judgment in the case the appeal will be dismissed by the appellate court of its own motion. Gates vs. Hayner, 22 Fla., 325. The bill of exceptions does show what was intended, perhaps, to be the entry of a final judgment in the case. Whether such entry is a final judgment, *quaere*. But if this entry is a final judgment, it is not sufficient. It must appear in the record otherwise than by the recitation in the bill of exceptions. Anderson vs. Presbyterian Church of Gainesville, 13 Fla., 592. The true office of the bill of exceptions is to present some objections in point of law to the opinion, judgment, direction, or action of the trial court on matters which do not properly appear of record, and it is not its office to supersede or take the place of any requisite record entry in a case, but to present exceptions taken during the progress of the trial, to the opinion and decision of the judge on matters which otherwise would re-

main *in pais.*    Brown vs. State, 29 Fla., 543, 10 South. Rep., 736.

In this case the jurisdictional fact of the entry of a final judgment does not appear in the transcript filed here, and the appeal must therefore be dismissed.