VANHORNE, GRIFFIN & CO., APPELLANTS, VS. JAMES W. HENDERSON AND ELIHU VEDDER, APPELLEES.

VANHORNE, GRIFFIN & CO., APPELLANTS, VS. JOHN G. LONG, APPELLEE.

1. Where the record proper fails to show any final judgment in a case, an appeal or writ of error entered therein will be dismissed.

2. A judgment forms no part of a bill of exceptions, and the mere recital of the fact in such bill that a judgment was rendered will not cure the absence of the judgment in the record proper.

Appeal from the Circuit Court for St. Johns county.

The facts in the case are stated in the opinion of the court.

Motion to dismiss Appeal.

*Cooper & Cooper*, for Motion.

*W. W. Dewhurst, Contra.*

MABRY, C. J.:

In each of the above styled causes appellants instituted, on the 27th of March, 1890, separate suits against the respective appellees for the purpose of enforcing a lien for material alleged to have been furnished by appellants to a contractor of appellees, respectively, for the erection of buildings on land owned jointly by Henderson and Vedder in one case, and on a lot owned by Long severally in the other. The suits were at law, combining attachment proceedings against the property, and after demurrers to the original declarations were sustained, amended ones were filed to which pleas were interposed. The records proper show the proceedings in reference to the pleadings in the cases.

It appears that notice was given in each case that appellants would apply to the Clerk of the Circuit Court of St. Johns county, on a date mentioned in July, 1891, for the issuance of commissions to take depositions of certain non-resident witnesses on interrogatories, copies of which were served with the notices, but which do not appear in the transcripts of the records. At the November term, A. D. 1891, we have bills of

exceptions certified by the judge, with recitals therein that the cases came on for hearing, and that appellants moved the court to open the depositions taken in the causes, then in the custody of the clerk, and said motions were resisted by appellees on the grounds that none of said depositions had been endorsed by the postmaster as required by statute, and as to some of the depositions, they were entitled in two distinct causes. The court denied the motions and appellants excepted. Thereupon appellants made motions, based upon affidavits of the clerk and postmaster, for leave to have endorsed upon the depositions by the postmaster, the fact that they were received by due course of mail. The affidavit of the clerk states that he took from his lock-box in the post office the depositions, and immediately deposited them in his safe in the clerk's office, where they had remained from that time until they were then produced in open court. The postmaster states in his affidavit that said depositions were received in the post office by due course of mail, and were taken from the office in regular course, and that as such postmaster he was ready to endorse upon the depositions such facts. The court overruled the motions and appellants excepted. At the following term of the court, held in April A. D. 1892, further bills of exceptions were signed by the judge, from which it appears that the said causes came on for hearing, and appellants made motions for the court to examine the clerk as to whether or not the depositions taken in the causes had been in his continuous possession since they were taken from the post office, as stated in his affidavit on file; and if the court found such to be the case, that said clerk be directed to present the depositions to the postmaster at St. Augus-

tine, to be endorsed by him how they were received at said post office. The motions were overruled, and the bills of exceptions further recite that said causes being called for trial and a jury empanelled, appellants announced that, having no other evidence in said causes except the testimony taken on commission and contained in the depositions now in the possession of the clerk of the court, and the court having denied the motions to open said depositions, plaintiffs were obliged to take non-suits because of the adverse rulings of the court, and that non-suits were ordered. Thereafter, at the same term, motions were made in the causes to set aside the non-suits and reinstate the cases upon the grounds of the refusal of the judge to permit the depositions to be opened, or endorsed and opened as above stated, and these motions were overruled. Thereupon appellants in open court entered appeals to this court.

It does not appear in the transcripts of the records proper before us that any final judgments were ever entered in the cases. It does appear by recitals in the bills of exceptions that appellants, in consequence of the rulings of the court denying to them the use of certain depositions in the custody of the clerk, were forced to take non-suits, and non-suits were ordered; but the records proper show no judgments of non-suit. A judgment is properly no part of the bill of exceptions, and a mere recital of the fact in the bill of exceptions that such judgment was rendered can not cure the want of the judgment in the record. Anderson vs. Presbyterian Church, 13 Fla. 592. It is not the office of a bill of exceptions to exhibit matters that belong to the record proper. Brown vs. State, 29 Fla. 543, 10 South. Rep. 736; Lovett vs. State, 29 Fla. 356, 11

South. Rep. 172; Tunno vs. International Railway & Steamship Co., 34 Fla. 300, 16 South. Rep. 180. The questions sought to be presented on the present records relate to the rulings of the trial court in refusing to permit depositions to be opened, but as we find no final judgments entered, such questions can not be considered. In an action at law the rulings of the trial court can only be reviewed on an appeal from a final judgment, and the only disposition we can make of the cases before us is to dismiss them. Gates vs. Hayner, 22 Fla. 325. The cases being substantially the same, are disposed of together.

Judgments will be entered in each case dismissing the appeal.