WILLIAM HALL, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

In a prosecution for murder the State offered evidence tending to show that William Hall, the defendant, after the homicide had fled to another portion of the State and changed his name. In this connection a witness was permitted to testify, over defendant's objection, that he "was in South Florida about a year and a half ago, and while there was told by a woman, the reputed wife of the defendant, that she had married a man by the name of William Johnson; that she married him in good faith, but that she had heard that his name was not William Johnson, but was Hall." Such evidence was hearsay, and should have been excluded.

Writ of Error to the Circuit Court for Taylor county.

The facts in the case are stated in the opinion.

*Goe. W. Breare*, for Plaintiff in Error.

*W. ·B. Lamar*, Attorney-General, for the State.

LIDDON, J.:

The plaintiff in error was indicted jointly with one Martha Altman for the murder of one George Altman. A severance having been ordered, the plaintiff in error was separately tried and convicted of murder in the first degree. The verdict of the jury containing a recommendation to the mercy of the court, he was sentenced to life imprisonment.

Several assignments of error are made. We do not find that any of them are well taken except one, which is the fourth, and it is, that the court erred in admitting the evidence of the witness R. B. Pitts over the defendant's objection. The evidence complained of was that portion of the testimony of said witness in which he stated that he "was in South Florida about a year and a half ago, and while there was told by a woman, the reputed wife of the defendant, that she had married a man by the name of William Johnson; that she married him in good faith, but that she had heard that his name was not William Johnson, but was Hall; that he (the witness) did not know ·the woman to be the wife of defendant, and did not know ·the defendant to be the person who was said to have used the name of William Johnson." This evidence ·was offered in connection with other evidence tending. to show that after the commission of the offense the ·defendant fled the country and changed his name from Hall to Johnson. It needs no argument or demonstration to show that the evidence was hearsay,

and should have been excluded. Jenkins vs. State, 35 Fla. 737, 18 South. Rep. 182.

While it is not assigned as error, the record shows a serious defect in the proceedings, to which we call attention. That portion of the record which sets forth the trial does not show that the jury was sworn in the manner required by the statute in the trial of capital cases. As to the portion of the jury taken from the regular venire it only appears that they were "duly chosen and empanelled to try said issue." As to those jurors taken from a special venire it is stated that they were "duly chosen and sworn to complete the panel." These entries show great carelessness in the conduct of the trial, or in making up the entries of the record in respect to the same. Attention is directed to the provisions of the statute and to the former decisions of this court upon the subject. Brown vs. State, 29 Fla. 543, text 551, 552, 10 South. Rep. 736.

The judgment of the Circuit Court is reversed and a new trial ordered.