THE MERCHANTS NATIONAL BANK OF JACKSONVILLE, FLORIDA, PLAINTIFF IN ERROR, VS. ISADORE GRUNTHAL, UNDER THE NAME OF I. & H. GRUNTHAL, DEFENDANT IN ERROR. NO. 1.

SAME VS. SAME. NO. 2.

APPELLATE PRACTICE—OFFICE OF BILL OF EXCEPTIONS—ATTACHMENT PROCEEDINGS ARE PLEADINGS—WRIT OF ERROR DISMISSED WHEN ERRORS ASSIGNED HAVE NO BASIS IN RECORD—DIMINUTION OF RECORD—WHEN TO BE SUGGESTED.

1. The statutory affidavit and bond upon which an attachment issues, and the defendant's traverse affidavit, when there is a contest as to the facts, are jurisdictional, and constitute the *statutory pleadings* in such cases; and, when brought into question in an appellate court, constitute the *record proper* of the case, and have no place in a *bill of exceptions*, whose sole office is to evidence to an appellate court matters purely *in pais*.

2. The *only evidence* for an appellate court as to matters that appear *of record* is the *record proper*, duly certified by the Clerk of

the Court who is the custodian of them; and, as to matters *not of record*, or *in pais*, the judge's certificate to a *bill of exceptions* containing them is the only evidence. Where matters *of record* are set forth or exhibited only in and by a *bill of exceptions* certified by the judge, it furnishes no evidence of such matters to an appellate court upon which it can act, where the *record proper*, certified by the Clerk of the Court below, does not contain them.

3. Where it is apparent from a transcript of record brought to an appellate court by writ of error that *none* of the matters questioned by the errors assigned are so set forth and evidenced by such transcript as that such court can properly recognize and consider them, the writ of error should be dismissed.

4. Under rule 15 of the Rules of Practice of the Supreme Court of Florida no suggestion of diminution of the record will be allowed to be made, without the consent of both parties, after the abstract or statement of the cause has been agreed upon by the parties, or after the opposing statement has been filed, in case of disagreement.

Writ of Error to Circuit Court for Duval county.

Motion to dismiss Writs of Error.

*Bisbee & Rinehart*, for Plaintiff in Error.

*A. W. Cockrell & Son*, for Defendant in Error.

TAYLOR, J.:

The records brought here by writ of error in the two causes above stated are substantially the same, so that what is said of the one applies equally as well to the other. In both cases motions are made to strike from the records so much of the transcripts filed here as embrace the bills of exceptions and the several assignments of error, and to dismiss the writs of error, upon the following grounds: 1. The said bills of exceptions were not settled as prescribed by law, no assignments of error having been presented or filed as required by

law.   2. The said several assignments, or either of them, have no basis in the records filed herein.   3. The said several assignments are wholly- unsupported by the record. . 4. This court, upon the records, has no jurisdiction to entertain the said several assignments of error, or any of them.   5. The said several assignments are severally based upon matters which do not appear in the records herein.

From the bills of exceptions contained in the transcripts of the record filed here it appears that two suits in attachment were instituted in the court below by the plaintiff in error as plaintiff below against the defendant in error as defendant below.   That in each case the defendant filed a traverse to the plaintiff's affidavit in attachment.   That the plaintiff moved the court to strike from the files these traverse affidavits of the defendant upon the grounds that they did not traverse any allegation of the plaintiff's affidavits for attachments, and raised an immaterial issue, and because the court had no jurisdiction to try or to direct the trial of the issue, if any, raised by the defendant's affidavits. That said motions to strike the defendant's traverse affidavits were denied.   That the plaintiff then demurred to the said traverse affidavits of the defendant upon the ground that they did not present any issue that the court was authorized to try.   That these demurrers were overruled by the court.   That the two cases then came on for trial before the Circuit Judge, neither party demanding a jury, for dissolution of the attachments upon the defendant's traverse affidavits. That at the trials the plaintiff declined to offer any evidence upon the issue, upon the ground that the said issues tendered by the defendant's traverse affidavits were not such as the court was authorized to try, and

were not such as the court could then require the plaintiff to offer any evidence on its behalf, whereupon the Judge granted an order dissolving the attachments and dismissing the writs. From these judgments the writs of error now moved to be dismissed were taken.

The errors assigned here are as follows: 1. The court erred in refusing to strike out the traverse affidavits of the defendant on the ground that they did not deny any allegation in the affidavit for plaintiff, either as to the debt or sum demanded, or as to the special cause assigned in plaintiff's affidavit. 2. The Circuit Court erred in overruling the demurrer of the plaintiff to the defendant's traverse affidavit, on the ground that the said affidavit tendered no issue authorized by the statutes of Florida, and does not deny any allegation in the affidavit on behalf of the plaintiff, either as to the debt or sum demanded, or as to the special grounds assigned in the said plaintiff's affidavit. 3. The court erred in overruling the objections of the plaintiff to the introduction of any testimony or evidence on its behalf on the trial of the issue tendered by the defendant's traverse affidavit to the affidavit of plaintiff, on the ground that such traverse affidavit is not authorized by law, and tendered no issue which required the plaintiff to introduce any evidence in respect to it. 4. The court erred in granting a final order dissolving the attachment in this action. It is apparent from these assignments of error that a consideration of each and every of them necessitates the proper production to this court, and an inspection and consideration by it, of the affidavits filed by the plaintiff below for the writs of attachment, and also of the traverse affidavits filed by the defendant. The records brought here by the writs of error in these

two cases exhibit these affidavits to us *only in and by the bills of exceptions* that were certified by the Circuit Judge and embraced in the transcripts. The transcripts of the *record proper*, certified by the Clerk of the Court below, do not exhibit or contain them. The question presented by the motions now under consideration is: Are these material papers so evidenced to this court as that we are authorized to recognize or consider them at all; and, if not, should the writs of error be dismissed because the record contains no basis upon which to rest any of the errors assigned. The proceeding by attachment is a summary one, strictly statutory, and was a stranger to the common law method of practice and procedure. The statutory affidavit and bond upon which the writ issues, and, when contested by the defendant, the latter's affidavit traversing the initiatory affidavit of the plaintiff, are jurisdictional and constitute the *statutory pleadings* in the cause. The issue of fact thus raised as to whether the writ is to be sustained or dissolved is formed, tried and determined exclusively upon them. When filed they become matters of record, and stand as and for the pleadings in the cause; and, when brought into question in an appellate court, constitute the *record proper* of the case, and have no place in a *bill of exceptions*, whose sole office is to evidence to an appellate court matters purely *in pais*. Goss vs. Board of Commissioners of Boulder County, 4 Colo. 468; Buddee vs. Spangler, 12 Colo. 216, 20 Pac. Rep. 760; State vs. Vanderbilt, 116 Ind. 11, 18 N. E. Rep. 266; Waples on Attachment (2d ed.), sec. 157. It has been repeatedly held by this and other courts that in matters which *appear of record*, the *record proper*, duly certified *by the Clerk* of the

7

98                SUPREME COURT.

Merchants Nat. Bk. of Jacksonville, Fla., v. Grunthal, etc.—Opinion.

court who is the custodian of them, is the only evidence; and that in matters *not of record*, or *in pais*, the Judge's certificate is the only evidence. Anderson vs. Presbyterian Church of Gainesville, 13 Fla. 592; Lovett vs. State, 29 Fla. 356, 11 South. Rep. 172; Brown vs. State, 29 Fla. 543, 10 South. Rep. 736; Tunno vs. International Railway & Steamship Co., 34 Fla. 300, 16 South. Rep. 180; Lamb vs. State, 73, Ga. 587. It follows, therefore, that where *matters of record* are set forth only in and by a *bill of exceptions* certified by the Judge, it furnishes no evidence of such matters to an appellate court upon which it can act where the *record proper*, certified by the Clerk of the Court below, does not contain, or it is silent as to such matters. Anthony vs. Brooks, 31 Ark. 725; *Ex parte* Knight, 61 Ala. 482; Morgan vs. Wing, 58 Ala. 301; Buckley vs. Wilson, 56 Ala. 393; Petty vs. Dill, 53 Ala. 641.

All of the assignments of error in these two cases being predicated upon the plaintiff's initiatory affidavits in attachment and upon the defendants traverse affidavits, and having no proper evidence of these material records before us in the transcript brought here, it follows that we can not consider any of the errors assigned. Where it is apparent from the transcript of the record brought to an appellate court by writ of error that none of the matters questioned by the errors assigned are so set forth and evidenced by such transcript as that such court can properly recognize and consider them, the writ of error should be dismissed.

There is a suggestion in the *brief* of the plaintiff in error on the motions to dismiss that if it be found that the transcripts do not properly exhibit or contain the

affidavits in attachment and the traverse affidavits of the defendant, that leave should be granted to suggest a diminution of the record and to bring them properly into the record by writ of *certiorari*. Rule 15 of the rules of this court provides that no suggestion of the diminution of the record shall be made after the abstract or statement of the cause has been agreed upon by the parties, or after the opposing statement in case of disagreement has been filed, without the consent of both parties. The abstract of the record by the plaintiff in error, and opposing abstracts by the defendant in error, have some time since been filed in each of the causes, and the rule referred to forbids any amendment of the record unless by consent of both parties. No such consent being presented, the motions of the defendant in error to dismiss the writs of error must be sustained. It is, therefore, ordered that the writ of error in each of the said two causes be, and the same are, hereby dismissed.