·E. E. Ropes, Appellant, vs. L. H. Eldridge, Appellee.

1. An appeal in a common law case will be dismissed where the record does not show that a final judgment has been entered in the trial court.

2. An entry in the record "on motion of plaintiff a juror was withdrawn and a nonsuit entered" does not constitute a final judgment.

Appeal from the Circuit Court for Volusia county.

The facts in the case are stated in the opinion of the Court.

*B. M. Miller*, for Appellant.

There is no difference, however, in the rule as to the admission of evidence to explain either.

A material alteration avoids the instrument; a spoliation, even if material does not. 1 Daniel on Negotiable Instruments (3d Ed.) sec. 1373 and cases cited; 1 Greenleaf on Evidence, sec. 566 and cases cited in note.

Parol evidence was admissible to show the mutilation or spoliation of the note, and its identity with the note set out in the declaration. 1 Greenleaf on Evidence, secs. 564, 566; 2 Greenleaf on Evidence, sec. 160, note a; Harris vs. Bank of Jacksonville, 22 Fla. 501 (512); Lee vs. Alexander, 48 Am. Dec. 412.

The question as to whether there has been an alteration (or spoliation) is for the jury. Randolph on Com. Paper, sec. 1784; Abbott's Trial Evidence, p. 406, sec. 31; Beaman vs. Russell, 49 Am. Dec. 775; Bailey vs. Taylor, 29 Am. Dec. 321; Printup vs. Mitch-

ell, 65 Am. Dec. 258; Bliss vs. McIntyre, 46 Am. Dec. 165; Clark vs. Eckstein, 62 Am. Dec. 307 and notes.

The change in the note, if it affected either party, was against the interest of the plaintiff. The effect of the change, if it can be held to have that effect, was to reduce the interest from the rate of three-quarters of one per cent. per day to three-quarters of one cent per day.

The defendant admitted by his sworn pleas that he signed and executed the note set out in the declaration.

An alteration or mutulation of an instrument need not be pleaded by the party bringing suit on it. Renner vs. Bank of Columbia; 9 Wheat. 581.

### SECOND ASSIGNMENT OF ERROR.

That the court erred in refusing to permit the plaintiff to testify that the copy of the note attached to the declaration was a true copy of the original note. The learned Circuit Judge held that the note, if mutilated, occupied the position of a note that had been lost or destroyed. If this were so, he should have permitted the plaintiff to prove the facts constituting such loss or destruction, and that the copy attached to the declaration was a true copy.

In view of the authorities cited above, and the circumstances as disclosed by the evidence, it seems unnecessary to argue the defendant's objection that the plaintiff's offer to prove how the note read before it was mutilated was an attempt to vary by parol the terms of a written instrument.

The third assignment of error is covered by the discussion of the first and second.

It is respectfully submitted that the rulings of the lower court were erroneous and should be reversed.

No appearance for Appellee.

CARTER, J.:

The appellant, plaintiff in the court below, brought an action of assumpsit against appellee, defendant in the court below. Pleas were filed, issues joined and a trial by jury entered upon September 20, 1889. During the trial exceptions were taken to certain rulings of the Circuit Judge, which rulings are here assigned as errors. By reason of these rulings the plaintiff moved the court for leave to withdraw a juror and enter a nonsuit, and an appeal was then taken to the next term of this court. The appellee filed no brief in this court, but appellant submitted the case on brief at the June term, 1893.

The record discloses the fact that issues were joined between the parties, a jury empanelled and trial entered upon, but the only entry in the nature of a judgment is in this language: "On motion of plaintiff a juror was withdrawn and a nonsuit entered." This does not constitute a final judgment. It is at most a mere recitation of record that a nonsuit had been entered. It does not purport to declare the sentence of the law upon the entry of the nonsuit, which is an essential element of a final judgment. Boggess vs. Cox, 48 Mo. 278; Black on Judgments, §115. There being no final judgment disposing of the action in the Circuit Court, this appeal must be dismissed. Gates vs. Hayner, 22 Fla. 325; Johnson, Daniels & Co. vs. Polk County, 24 Fla. 28, 3 South. Rep. 414; Tunno vs. In-

4

ternational Railway & Steamship Co., 34 Fla. 300, 16 South. Rep. 180; Vanhorne, Griffin & Co. vs. Henderson, 37 Fla. 354, 19 South. Rep. 659.

The appeal is dismissed.