SARAH A. HART, PLAINTIFF IN ERROR, vs. MARY T. COTTEN, DEFENDANT IN ERROR.

1. Under special rule 6, adopted by the Supreme Court October 26, 1897, transcripts upon writs of error in **habeas corpus** cases must be made up and certified in accordance with the requirements of Circuit Court rule 103; and where a transcript in such a case is not certified in accordance with that rule the writ of error will be dismissed.

2. A judgment rendered in a **habeas corpus** proceeding for the custody of a child, reciting that the cause came on to be heard upon the petition and answer and upon testimony adduced by the respective parties, that the argument of counsel was heard, and the cause considered by the court, that the court finds that petitioner is the legal guardian and entitled to the custody of the infant, but that the testimony produces a doubt whether petitioner has not consumption, and therefore whether her health is not such as to endanger the health of the infant by personal association, and ordering and adjudging that the infant remain in the custody of the respondent until the further order of the court, to be made upon further application in the same cause by the petitioner, is essentially interlocutory in character, and not a final judgment from which a writ of error lies in behalf of respondent.

Writ of error to the Circuit Court for Escambia County.

Dismissed by the court.

*Daniel Campbell & Son and John C. Avery* for Plaintiff in Error.

*Blount & Blount,* for Defendant in Error.

PER CURIAM.

On the petition of Mary T. Cotten, defendant in error, the Judge of the Circuit Court of Escambia County, on July 17, 1901, issued a writ of *habeas corpus* to Sarah A. Hart, plaintiff in error, commanding her to appear before such judge on a date named and then and there to produce the body of Mary E. McCary, an infant, and to make known the cause of the detention of said infant by said plaintiff in error. In obedience to the writ plaintiff in error filed her return and produced the infant, and such further proceedings were had that on August 3rd, 1901, the court made an order in said cause as follows: "This cause coming on to be heard upon the petition and the answer of respondent, and upon testimony adduced by the respective parties, and the argument of the counsel having been heard, and the cause considered by the court, the court finds that the petitioner is the legal guardian of the infant, Mary E. McCary, and entitled to the custody of her person; but the testimony producing a doubt in the mind of the court as to whether the petitioner has not consumption, and therefore whether her health is not such as to endanger the health of the infant by personal association, therefore, it is ordered that the said infant remain in the custody of the respondent until the further order of the court, to be made upon further application in this cause by the petitioner. Upon application of the respondent, it is ordered that she have twenty days within which to present a bill of exceptions, or such other record of the testimony as she may be advised, and that a writ of error be and is hereby allowed to her, returnable within sixty days after this date." From this order a writ of error to this court on behalf of plaintiff in error

was granted by the Circuit Judge, and such writ duly issued.

Transcript of the record was made up and filed in this court and the cause submitted by the respective parties on briefs.

The court is of opinion that the writ of error must be dismissed. The transcript is not certified in accordance with the requirements of Circuit Court Rule 103, which is by Special Rule 6, adopted by this Court, October 26, 1897, made applicable to transcripts upon writs of error in *habeas corpus* cases. The clerk evidently attempted to follow the form prescribed by Special Rule 3, for certifying transcripts in other civil causes, but even under that rule, which is not applicable to transcripts in this class of cases, the certificate is defective. Not only does this defect exist which is sufficient to require us to dismiss the writ of error, but there is no final judgment from which a writ of error can be taken. The judgment of August 3rd, 1901, is not such. It is essentially interlocutory in its nature. It awards custody of the infant to plaintiff in error until the further order of the court to be made upon further application in the same cause by defendant in error. The order is temporary only and does not finally dispose of the merits of the cause, but seems to have been made with a view to the temporary custody of the infant, pending further proceedings in the same case.

The writ of error will, for reasons stated, be dismissed.