WILL JACKSON, PLAINTIFF IN ERROR, vs. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Writs of error in criminal cases lie only from final judgments, and where no final judgment is found in the transcript filed in the appellate court upon a writ of error in such cases, the writ will be dismissed.

2. Transcripts upon writs of error in criminal cases must be certified in the form prescribed by rule 103 of the rules of the Circuit Courts in common law actions, adopted at the April term, A. D. 1873, by the Supreme Court, and if not so certified the writ of error will be dismissed.

Jackson v. The State of Florida—Opinion of Court.

Writ of Error to the Criminal Court of Record for Hillsborough county.

The facts in the cases are stated in the opinion of the court.

*John P. Wall,* for Plaintiff in Error.

*Wiliam B. Lamar,* Attorney-General, for the State.

CARTER, J.

On December 6, 1901, an information was duly filed in the Criminal Court of Record of Hillsborough county, charging the plaintiff in error with breaking and entering in the night time the dwelling-house of one Thomas D. Fisher with intent to steal property exceeding the value of twenty dollars, and committing an assault upon a person lawfully in said dwelling-house.

On March 11, 1902, the defendant was duly arraigned and tried and the jury by their verdict found him guilty as charged in the information. Defendant's motion for a new trial having been overruled, he sued out writ of error returnable to the present term of this court.

Writs of error in criminal cases like the present lie only from final judgments therein. Sec. 2969 Rev. Stats. The transcript filed in this court fails to show the sentence or judgment of the court entered upon the verdict, if any, and consequently the writ of error must be dismissed. Savage v. State, 19 Fla. 561; Hart v. Cotten, 44 Fla. 172, 31 South. Rep. 817. Moreover, the cleck certifies the transcript in the form prescribed by special rule 3 for the government of Circuit Courts in the

preparation of bills of exceptions and transcripts of records in *civil* causes; whereas, the transcript should be certified in the form prescribed by rule 103 of the rules of the Circuit Court in common law actions, adopted at the April term A. D. 1873, of the Supreme Court, which rule is applicable to writs of error in criminal cases. See special rule 5, adopted February 18, 1897. This defect in the form of the certificate is sufficient also to justify this court in dismissing the writ of error. Hart v. Cotten, *supra.*

The writ of error, for reasons stated, will be dismissed.