URBIE MELBOURNE, PLAINTIFF IN ERROR, V. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—APPELLATE PRACTICE—WRIT OF ERROR DOES NOT LIE UNLESS THERE IS A FINAL JUDGMENT OR SENTENCE—RECORD PROPER MUST CONTAIN JUDGMENT—JUDGMENT EXHIBITED ONLY BY BILL OF EXCEPTIONS CANNOT BE RECOGNIZED.

1. In appellate proceedings the record proper in a criminal case must show a final judgment or sentence in order to support a writ of error.

2. The verdict and judgment or sentence in a criminal case from parts of the record proper in appellate proceedings, and have no place in a bill of exceptions certified by the judge, and when exhibited to an appellate court only in and by a bill of exceptions can not be recognized.

3. The record proper in a cause, and all matter properly belonging thereto, can be authoritatively evidenced to an appellate court only by a transcript containing them duly certified by the clerk of the court who is the custodian of such records.

This case was decided by Division B.

Writ of Error to the Circuit Court for Monroe County.
8 S. C.

The facts in the case are stated in the opinion of the Court.

*Louis A. Harris,* for Plaintiff in Error.

*W. H. Ellis,* Attorney-General, for the State.

PER CURIAM. This cause came on for final adjudication before Division B of the court upon the transcript of record and briefs of counsel for the plaintiff in error Upon investigation the court finds that in the *record proper* there is no verdict or final judgment from which a writ of error will lie. In the *bill of exceptions* there is set out what purports to be a verdict of conviction and judgment or sentence, but thus evidenced this court cannot recognize them. A verdict and the judgment or sentence in a criminal case form parts of the *record proper* in appellate proceedings, and have no place in a bill of exceptions certified by the judge, and when exhibited to an appellate court only in and by a bill of exceptions can not be recognized. The *record proper* in a cause and all matter properly belonging thereto can be authoritatively evidenced to an appellate court only by a transcript containing them duly certified by the clerk of the court who is the custodian of such records. Merchants' Nat. Bank of Jacksonville v. Grunthal, 38 Fla. 93, 20 South. Rep. 809. The writ of error herein must, therefore, be, and is hereby dismissed, but without prejudice to the right of the plaintiff in error to sue out another writ of error. The plaintiff in error being shown to be insolvent the costs of this writ of error to be taxed against the county of Monroe.

TAYLOR, HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.