C. A. WILLIAMS COMPANY, *Plaintiff in Error*, v. ROBERTS & GEIGER, *Defendant in Error*.

### On Petition for Rehearing.

In attachment proceedings the statutory affidavit, and the writ and motions addressed thereto, with the orders made thereon, should on writ of error be evidenced to the Appellate Court in the record proper and not in the bill of exceptions; and where such matters appear only in the bill of exceptions they cannot be considered by the Appellate Court.

Rehearing denied.

*W. S. Broome* and *F. Y. Smith*, for Plaintiff in Error;

*Thos. W. Fielding* and *Evans Haile*, for Defendants in Error.

PER CURIAM.—The judgment herein was affirmed without opinion. A petition for rehearing has been filed.

The only assignments of error argued are (1) denying a motion to amend the attachment affidavit by striking a certain portion thereof (2) dissolving the attachment, and (3) denying the motion for a new trial.

In attachment proceedings the statutory affidavit is a part of the record proper and must be evidenced to the appellate court in the record proper and not in the bill of exceptions. Merchants Nat. Bank of Jacksonville v. Grunthal, 38 Fla. 93, 20 South. Rep. 809. The writ of attachment is also a part of the record. Motions addressed to an attachment affidavit and to a writ of attachment which are a part of the pleadings, should, with the orders thereon, be evidenced to the appellate court by the record proper and not by bill of exceptions.

In this case the motion to amend the affidavit and the motion to dissolve the attachment together with the orders made thereon, appear only in the bill of exceptions. The grounds of the motion for new trial cover other matters, but the only grounds of the motion that are argued relate to the orders denying the motion to amend the attachment affidavit and dissolving the attachment, which matters should be, but are not, contained in the record proper. For these reasons the judgment was affirmed.

Rehearing denied.

All concur.