BILL JACK MITCHEM, JULIAN MITCHEM, DICK NOWLING and JOHN GAVINS v. STATE,

194 So. 311
Division B
Opinion Filed ·February· 27, 1940
Rehearing Denied March 14, 1940

*Purl G. Adams,* for Plainttiffs in Error;

*George Couper Gibbs,* Attorney General, *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

CHAPMAN, J.—On May 9, 1939, Bill Jack Mitchem, Julian Mitchem, Dick Nowling and John Gavins were informed against in the Circuit Court of Walton County, Florida for the larceny of two automobile wheels and two tire casings of the total value of $125.00, the property of A. D. Cosson.

A severance was granted as to John Gavins, and the other defendants were placed upon trial and Bill Jack Mitchem, Julian Mitchem and Dick Nowling were by a jury convicted of grand larceny and sentence imposed against Bill Jack Mitchem and Dick Nowling but suspended as to Julian Mitchem, and an appeal therefrom has been perfected to this Court.

It is contended that the lower court erred in admitting certain testimony of A. D. Cosson offered on the part of the prosecution over the objection of the defendants, and that the testimony adduced on the part of the prosecution was insufficient to support a verdict of guilty. The testimony shows that the defendants took the wheels and casings from a trailer of A. D. Cosson and carried same several miles into the woods and left them, and on the following day these defendants, or some of them, agreed to take the owner to the stolen property hidden in the woods.

The property stolen was returned by the defendants to the owner within the time by him requested. It was not the desire or intention of the owner of the stolen property to prosecute the defendants in the courts as he was related to some two or three of the four boys informed against.

The record shows a verdict of grand larceny was returned against Bill Jack Mitchem, Julian Mitchem, and Dick Nowling, and the remaining defendant, John Gavins, upon arraignment entered a plea of guilty and was adduced as a witness and gave testimony in behalf of the State when the other three boys were being tried. Bill Jack Mitchem was sentenced to the State Prison at hard labor for a period of four years. One of the plaintiffs in error, Dick Nowling, was sentenced to confinement in the Florida Industrial School for Boys until 21 years of age, unless earlier discharged. It was further ordered by the Court

that if for any reason the said Dick Nowling could not be received by the Florida Industrial School for Boys, that he be confined in the State Prison at hard labor for a period of three years.

The transcript shows the minutes and proceedings of the lower court with reference to Julian Mitchem and John Gavins: The prisoners being at the bar in custody, the Court announced that it would withhold the passing of sentence in this case as against Julian Mitchem and John Gavins until the first day of the next regular term of the Court upon the condition that each be on his good behavior, and that they each refrain from visiting juke joints and that they remain out of bad company and that each of them report at the first day of the next regular term of this Court. From this record Julian Mitchem has prosecuted a writ of error along with Bill Jack Mitchem and Dick Nowling.

The purported judgment entered by the lower court against Julian Mitchem is legally insufficient to support a writ of error because it is not a final judgment within the meaning of the law. See Section 8460 C. G. L.; Jackson v. State, 44 Fla. 439, 32 So. 926; Jumeau v. Camp, 48 Fla. 82, 37 So. 522; Melbourne v. State, 50 Fla. 113, 39 So. 593; Mathis v. State, 67 Fla. 277, 64 So. 944.

The Court *ex mero motu* dismisses the writ of error as to Julian Mitchem. The judgments appealed from on the part of Bill Jack Mitchem and Dick Nowling have been carefully considered and found to be free from error and each are hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BROWN, J. (concurring).—It is probably not out of place for me to say that I do not feel that the evidence was sufficient to sustain the verdict as against Julian Mitchem.