## DANENHOFFER v. THE STATE.

CRIMINAL LAW.—*Assault and Battery.—Teacher.—Punishment of Pupil.*— A teacher, standing *in loco parentis* to his pupils, has the right to exact from such pupils obedience to his lawful and reasonable commands, and to punish disobedience with kindness, prudence and propriety; and, where the punishment is not administered with unreasonable severity, a proceeding for assault and battery can not be maintained against the teacher.

From the Ripley Circuit Court.

*G. Durbin,* for appellant.

*T. W. Woollen,* Attorney General, and *W. G. Holland,* Prosecuting Attorney, for the State.

HOWK, J. J.—This was a prosecution against the appellant Aloys Danenhoffer, for an assault and battery alleged to have been committed by him on one Henry Roell.

The prosecution was commenced before a justice of the peace of Ripley county, Indiana, upon the affidavit of one Henry Clark, wherein it was charged, in substance, that the appellant, on the 13th day of November, 1879, at said Ripley county, " did, in a rude, insolent and angry manner, unlawfully touch one Henry Roell, contrary," etc.

The appellant waived an arraignment and entered a plea of not guilty to the charge contained in said affidavit, before the justice; and the cause was there tried by a jury, resulting in a verdict finding the appellant guilty as charged, and assessing his fine in the sum of thirteen dollars, upon which verdict judgment was rendered by the justice. From this judgment an appeal was duly taken to the Ripley Circuit Court, by the defendant below.

Upon this appeal the cause was again tried by a jury, in the circuit court, and a verdict was returned finding the appellant guilty as charged in said affidavit, and assessing his fine in the sum of ten dollars. His motion for a new trial having been overruled and his exception

entered to this ruling, the court rendered judgment on the verdict.

In this court the only error assigned by the appellant is the decision of the circuit court in overruling his motion for a new trial. In this motion the following causes were assigned for such new trial:

1. The verdict was contrary to the evidence;

2. The verdict was contrary to law;

3. The court erred on the trial, in the admission of illegal evidence, in permitting Henry Roell and other witnesses to testify that the injured party and two other boys had been absent from school on Tuesday, the 11th day of November, 1879, attending the funeral of Clark's child, and had acted as pall-bearers at the funeral;

4. The court erred in refusing to permit the appellant to testify on the trial, in answer to a question propounded to him, whether he thought it was wrong for the children to have attended the funeral of a protestant child, thereby excluding from the jury evidence of a material fact;

5. Error of the court in refusing to give the jury the instructions asked by the appellant; and,

6. Error of the court in giving the jury instructions numbered from 1 to 10, both inclusive, each and all of which were duly excepted to by the appellant.

Before considering any of the questions presented and discussed by the appellant's counsel, in his brief of this cause in this court, we deem it necessary that we should give a summary, at least, of the uncontradicted facts of the case, as we gather the same from the record. The appellant was a catholic priest, residing at Morris, in Decatur county, Indiana, and at that place he had under his control a catholic school, of which he was superintendent, and Sister Bernardini was a teacher. Among the pupils of this school were Henry Roell, aged eleven years, Bernard Shuck, aged eleven years, and John

Tekulve, aged eleven years. On the 11th day of November, 1879, these three boys were absent from the school, without the leave or permission of the teacher or of the superintendent of the school, and were in attendance as pall-bearers, at the funeral of a child of the Henry Clark who filed the affidavit upon which the prosecution against the appellant in this case was predicated. In some manner, the child, Henry Roell, and his father, Henry Roell, Sr., and the child, Bernard Shuck, and his grandfather, B. H. Westrick, had, or claimed to have, received information that the two boys were to be punished for their non-attendance at school on the day last named, by the appellant, as the superintendent of the school, not because they were absent from school without the leave of the teacher or superintendent entirely, but in part, at least, because they had absented themselves from school for the purpose of attending the funeral of the child of a protestant. Acting upon this information, or possibly assumption, the said Henry Roell, Sr., and B. H. Westrick, on the 13th day of November, 1879, called upon the appellant and informed him that the boys had been absent from school, and had attended the funeral of the child, on the day previous, with their consent and permission; that they had been informed that the boys were to be whipped for attending the funeral, and they thought that they should be punished, rather than the boys, on that account; and the appellant then said to them that the boys should not be punished for attending the funeral.

When the boys went to school on the 12th day of November, 1875, they were required by the teacher in charge, Sister Bernardini, to give an excuse for their absence from school without leave on the preceding day, but they would not give any excuse. She then gave the boys a note and directed them to take it to the appellant, at his house, about fifty steps from the school-house; but, as soon as they were outside of the school-house, they ran home and never

delivered the note to the appellant. On the next day, the 13th day of November, 1879, the appellant entered the school-room, and whipped the boys, as he declared at the time, not for going to the funeral, but for their disobedience of the order of the teacher in charge, requiring them to take and deliver her note to the appellant. It was this whipping of the boy, Henry Roell, by the appellant, as the superintendent of the school, of which the boy was one of the pupils, which constituted the alleged assault and battery, for which the appellant was prosecuted and convicted in this case. There is no evidence in the record, as we read it, which tends to show that the boy, Henry Roell, was whipped by the appellant for any other cause or reason than his stubbornness in refusing to render to the teacher in charge an excuse for his absence from school without her leave, and his disobedience to her reasonable command, that he should take the note she gave him to the appellant, as the superintendent of the school. Nor do we think that the evidence tends to show that the boy was whipped by the appellant in anger or with much severity.

It seems to us that the evidence in this case was not sufficient to sustain the verdict of the jury, and that, for this reason, a new trial ought to have been granted. The appellant was the superintendent of the school; he employed the teachers, and both teachers and pupils were under his charge. Sometimes he heard the scholars recite their lessons; and, generally, when the pupils of the school were disobedient, rude or stubborn, they were sent to him for correction. It is manifest, that the father of the boy, Henry Roell, well understood the appellant's relation to and superintendency of the school; for he went to see the appellant, and not Sister Bernardini, in regard to the whipping, it was rumored, that the boy was to receive for absenting himself from school without leave.

We think, therefore, that the fact is apparent from the record of this cause, that the appellant, with the knowledge

of the father of the boy, Henry Roell, stood *in loco parentis* to the boy during his attendance at and in the school of which the appellant was the superintendent in charge. In such a case, the law is well settled, as it seems to us, that the teacher has the right to exact from his pupils obedience to his lawful and reasonable commands, and to punish disobedience with "kindness, prudence and propriety." *Cooper* v. *McJunkin*, 4 Ind. 290. In the recent case of *State, ex rel. Burpee*, v. *Burton*, 45 Wis. 150, it was well said: "In the school, as in the family, there exist on the part of the pupils the obligations of obedience to lawful commands, subordination, civil deportment, respect for the rights of other pupils and fidelity to duty. These obligations are inherent in any proper school system, and constitute, so to speak, the common law of the school. Every pupil is presumed to know this law, and is subject to it, whether it has or has not been re-enacted by the district board in the form of written rules and regulations."

It is unnecessary for us to pursue this question further, or to examine the other causes assigned by the appellant for a new trial. The boy, Henry Roell, was disobedient to the reasonable commands of the teacher in charge of the school, of which he was a pupil, and he was insubordinate, in that he ran home when he was sent out of the school for another purpose. He deserved punishment, and the appellant had the right, under the law, to administer it; and we do not think that the evidence shows that the boy was whipped by the appellant with that unreasonable severity which would or ought to subject him to punishment for an assault and battery.

The judgment is reversed, and the·cause is remanded with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.