The State v. Vanderbilt.

No. 14,475.

## THE STATE v. VANDERBILT.

CRIMINAL LAW.—*Supreme Court.*—*Appeal by State.*—*Record.*—*Bill of Exceptions.*—On an appeal by the State in a criminal cause, whatever is a part of the record without a bill of exceptions need not be embraced in such bill, and where the question of law reserved is shown by the record proper, no bill of exceptions is necessary.

SAME.—*Teacher and Pupil.*—*Rules for Government of School.*—*Unreasonable Rule.*—A rule established by the teacher of a public school, requiring pupils to pay for the wanton and careless destruction of school property is unreasonable, and a teacher has no right to enforce such a rule by chastisement.

From the Warren Circuit Court.

*L. T. Michener*, Attorney General, *J. W. Sutton* and *W. L. Rabourn*, for the State.

*C. V. McAdams*, for appellee.

ZOLLARS, J.—Appellee was tried and acquitted in the court below upon a charge of assault and battery. A bill of exceptions, presented by the prosecuting attorney and signed and filed at the time the exceptions were taken, shows that the State, by the prosecuting attorney, excepted to the giving of an instruction by the court, and also excepted to the refusal of the court to give an instruction asked by the prosecuting attorney.

The case seems to have originated before a justice of the peace. The clerk, in making the record for this appeal, has set out the affidavit upon which appellee was tried, and which was filed in his office by the justice of the peace, on appeal from his court, together with the proceedings in the circuit court, including the verdict and judgment of acquittal, and also the bill of exceptions.

Counsel for the State contend that the court below erred in the giving of the one instruction and in the refusal of the

other. Counsel for appellee, on the other hand, contends that there is no question before this court for decision, for the reason that the appeal was not taken in the manner prescribed by the statute.

He insists that this court can not determine whether there was error in the giving or refusal of the instructions, unless it is in some proper way advised of the nature of the charge upon which appellee was tried, and that we can not look beyond the bill of exceptions to the affidavit set out in the record to determine what the charge was.

Section 1846, R. S. 1881, provides that " The prosecuting attorney may except to any opinion of the court during the prosecution of any cause, and reserve the point of law for the decision of the Supreme Court. The bill of exceptions must state clearly so much of the record and proceedings as may be necessary for a fair statement of the question reserved."

Section 1883, R. S. 1881, provides that "In case of an appeal from a question reserved on the part of the State, it shall not be necessary for the clerk of the court below to certify, in the transcript, any part of the proceedings and record except the bill of exceptions and the judgment of acquittal. When the question reserved is defectively stated, the Supreme Court may direct any part of the proceedings and record to be certified to them."

Applied to a case like this, the strict construction put upon the above sections of the statute by appellee's counsel is not sustained by our cases. They are, in effect, that on such appeal by the State, what is a part of the record without a bill of exceptions need not be embraced in such bill, and that where the question of law reserved is shown by the record proper, no bill of exceptions is necessary. *State* v. *Day*, 52 Ind. 483 ; *State* v. *Bartlett,* 9 Ind. 569 ; Gillett Criminal Law, section 1004.

Those cases require that in this case we shall regard the affidavit as a part of the record, and that we shall look be-

yond the bill of exceptions to it to ascertain what the charge against appellee was.

Looking to the record before us as a whole, we think that it sufficiently presents the question as to whether or not a teacher of a public school may establish, and enforce by chastisement, a rule requiring pupils to " pay for the wanton and careless destruction of school property."

The bill of exceptions shows that the State, by the prosecuting attorney, asked the court to charge the jury " that a teacher in a public district school has no right to inflict a money penalty upon a pupil for the accidental destruction or breakage of school property, and enforce the same."

That instruction the court refused, and over the exception of the State gave the following instruction :

"A rule of the teacher, requiring that the pupil shall pay for the wanton and careless destruction of school property, is a reasonable rule, and one that the teacher has the right to enforce."

It is not necessary that the evidence should be in the record to enable us to pass upon these instructions, if in any case on appeal by the State the evidence can be examined, a question which we leave where it is left by our cases. Without speaking of the instruction refused, which is the opposite of that given, the latter, if erroneous, would be erroneous under any supposable state of the evidence.

Under our cases, a school teacher has the right to exact from pupils obedience to his lawful and reasonable demands and rules, and to punish for disobedience, " with kindness, prudence and propriety." And where, in such case, the punishment is not administered with unreasonable severity, a proceeding for an assault and battery can not be maintained against the teacher. *Danenhoffer* v. *State*, 69 Ind. 295 (35 Am. R. 216).

The rule or rules to which the teacher may thus enforce obedience must, however, be reasonable, and whether or not

such rules are reasonable is ultimately a question for the courts. *Fertich* v. *Michener,* 111 Ind. 472.

We think that a rule requiring pupils to pay for school property which they may wantonly and carelessly break or destroy, is not a reasonable rule, and, therefore, that teachers have no right to make and enforce such a rule by chastisement of the pupils. The " wanton and careless destruction," etc., amounts to nothing more than carelessness. *Lafayette, etc., R. R. Co.* v. *Huffman,* 28 Ind. 287 ; *Terre Haute, etc., R. R. Co.* v. *Graham,* 95 Ind. 286, 296 (48 Am. R. 719).

Carelessness on the part of children is one of the most common, and yet one of the least blameworthy of their faults. In simple carelessness there is no purpose to do wrong. To punish a child for carelessness in any case is to punish it where it has no purpose or intent to do wrong or violate rules.

But beyond this, no rule is reasonable which requires of the pupils what they can not do. The vast majority of pupils, whether small or large, have no money at their command with which to pay for school property which they injure or destroy by carelessness or otherwise. If required to pay for such property, they would have to look to their parents or guardians for the money. If the parent or guardian should not have the money, or if they should refuse to give it to the child, the child would be left subject to punishment for not having done what it had no power to do.

Without giving other reasons for our conclusion that the rule in question was an unreasonable rule, our judgment is that the court below erred in giving the instruction above set out, and that this appeal must be sustained, and the appellee taxed with the costs on appeal.

Filed Oct. 12, 1888.