Robert L. McCULLOUGH, Appellant–
Defendant Below,

v.

STATE of Indiana, Appellee–
Plaintiff Below.

No. 46A03–9205–CR–00133.

Court of Appeals of Indiana,
Third District.

Feb. 17, 1993.

Rick C. Gikas, Kopack & Gikas, Merrill-
ville, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Louis E.
Ransdell, Deputy Atty. Gen., Indianapolis,
for appellee-plaintiff.

STATON, Judge.

Robert McCullough appeals his convic-
tion of neglect of a dependent, a Class B
felony,[1] for which he received a twenty
year sentence. He presents four issues for
our review:

 I. Whether the jury was improperly
 instructed on the elements of the
 charged offense.

 II. Whether repetitive hearsay testi-
 mony was improperly admitted into ev-
 idence.

 III. Whether McCullough was denied
 the effective assistance of counsel.

 IV. Whether McCullough's sentence
 was improperly enhanced based upon a
 material element of the charged of-
 fense.

Our consideration of McCullough's first
allegation of error leads to the conclusion
that reversal and retrial is required.
Therefore, the remaining issues are not
addressed herein.

On August 11, 1989, McCullough was
caring for four year old S.H. and S.H.'s

---

1. IND.CODE 35–46–1–4(a)(1).

sibling. S.H. sustained second and third degree burns over one-fourth of his body as a result of immersion in a tub of scalding water. An Information filed on August 14, 1989 charged that McCullough knowingly placed S.H. in a situation endangering S.H.'s life or health. .

McCullough claims that the trial court improperly instructed the jury on the requisite elements of the charged offense. Specifically, he challenges Final Instruction 6 as misleading and inadequate because it failed to advise the jury to convict only upon finding that he was subjectively aware of a high probability that he exposed his dependent to a danger which was both actual and appreciable. Final Instruction 6 provides:

> "The State does not have to prove that the defendant intended to cause harm to the dependent; the State must only prove that the defendant placed the victim in a situation that might have endangered the life and health of the victim."

Record, p. 52.

██ Where an appellant presents the issue of whether an instruction has been given erroneously, the standard on review is whether the alleged erroneous instruction so affects the entire charge that the jury was misled as to the law in the case. If so, reversal is required. *White v. State* (1989), Ind., 547 N.E.2d 831, 835. Jury instructions must be considered as a whole; if they state the law fully and correctly when read in conjunction, they are not erroneous. *Id.*

██ The neglect statute must be construed to apply only to situations where the placement of the dependent exposes the dependent to a danger which is "actual and appreciable" inasmuch as the statutory phrase "may endanger" is unduly vague. *State v. Downey* (1985), Ind., 476 N.E.2d 121, 123, *reh. denied; Wilson v. State* (1988), Ind.App., 525 N.E.2d 619, 623, *reh. denied*. Repetition of the statutory language of I.C. 35–46–1–4(a)(1), unaccompanied by other instruction, would allow conviction upon a less definite degree of proof than is necessary to avoid unconstitutional vagueness. *White, supra,* at 835.

██ Here, the statutory language—without embellishment—was recited in the preliminary and final instructions. Additionally, the jury was instructed that the State could meet its burden of proof by showing that the defendant placed the victim in a situation that *might* have endangered the life and health of the victim. However, the State had the burden of proving that S.H.'s life or health was placed in actual, appreciable danger by McCullough. *Dayton v. State* (1986), Ind.App., 501 N.E.2d 482, 484.

██ The record discloses no preliminary or final instruction advising the jury that the danger to S.H. must be actual and appreciable. Moreover, the jury's request for clarification of Final Instruction 6 (made during deliberations) proved unfruitful. The jury was thus invited to convict upon a less definite degree of proof than our supreme court has found necessary to "avoid vagueness running afoul of minimal due process requirements." *White, supra,* at 835.

Reversed and remanded for retrial.

GARRARD and CONOVER, JJ., concur.