**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MARIELENA DUERRING**
Duerring Law Offices
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Feb 16 2012, 9:07 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON J. KUCENSKI, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  20A05-1106-CR-353 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-1003-FA-15

**February 16, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Jason J. Kucenski appeals his conviction for Neglect of a Dependent,[1] a class C felony, challenging the sufficiency of the evidence, following his convictions for Dealing in Methamphetamine[2] (meth), a class A felony and Maintaining a Common Nuisance,[3] a class D felony. Kucenski maintains that the State failed to prove that he voluntarily assumed the care of a dependent child who was living with him, and the evidence did not demonstrate that he exposed the alleged victim to an "actual and appreciable" danger while manufacturing meth at his residence. Appellant's Br. p. 7. Kucenski also argues that the forty-five-year sentence imposed following his conviction for dealing in meth was inappropriate in light of the nature of the offenses and his character.

While we find that the sentence was not inappropriate, we conclude that the evidence was insufficient to support Kucenski's conviction for neglect of a dependent. Thus, we affirm in part, reverse in part, and remand this cause to the trial court with instructions to vacate the conviction and sentence on the neglect of a dependent count.

## FACTS

On March 28, 2010, Shannon Rumbaugh, her thirteen-year-old daughter, M.R., and Kucenski were living together in Elkhart. The three of them had lived there for

---

[1] Ind. Code § 35-46-1-4(b)(1)(B)(i).

[2] Ind. Code § 35-48-4-1.1.

[3] I.C. § 35-48-4-13.

approximately six months. Rumbaugh's seventeen-year-old and eighteen-year-old sons, who lived with Rumbaugh's mother, would also occasionally stay at the residence.

On March 27, M.R. left the house around 3:00 p.m. to stay with her grandmother. After M.R. left the house, Kucenski and Rumbaugh purchased some cold pills that are used to manufacture meth. After returning to the residence, Rumbaugh smoked some meth in Kucenski's presence and fell asleep in M.R.'s bedroom later that evening.

At approximately 7:00 a.m. on March 28, several members of the Elkhart Police Department Street Crimes Unit went to the residence following reports that a meth lab was operating there. When the officers approached the house, they noticed an exhaust fan operating in a window near the door.

One of the police officers knocked on the door and announced their presence. Although no one responded, the officers heard the sound of people running through the residence and the sound of glass clinking. One of them saw a male look out of a window and heard a female voice say, "What are you doing? Jason, answer the door." Tr. p. 93, 109, 180, 251.

Rumbaugh saw Kucenski run through the apartment to the bathroom by the door with a plastic zip-lock of fuel to pour down the drain. Rumbaugh then opened the door and observed several police officers standing outside. Rumbaugh allowed the officers inside, and one of them ordered Kucenski to step out of the bathroom. Once inside, the officers noticed the strong odor of ammonia that is commonly associated with the

production of meth. They also saw a black plastic trash bag sitting by the door with plastic tubing and bottles inside.

While two of the police officers remained in the kitchen, others walked through the residence to check if anyone else was present. In Kucenski and Rumbaugh's bedroom, several strips of tinfoil with burn marks and coffee filters were found on the bed. Foil strips are used to ingest meth and the coffee filters are used to strain meth out of solvent during the manufacturing process. The officers also found a generator, which is an item commonly used in the production of meth, in one of the bedrooms.

The officers removed Kucenski and Rumbaugh from the residence, contacted the Indiana State Police, and obtained a search warrant. M.R. was not at the house and had not returned from her grandmother's. When executing the warrant, one of the State Troopers found burnt aluminum foil and coffee filters that contained white substances and residue, indicating that they had been used to strain meth from the solvent. Smoking devices used in meth smoking and a straw with white residue on it were also recovered. The substances found on the filters and other items tested positive for the presence of meth. Officers also found more plastic tubing, two funnels, a box of salt, a plastic bottle containing lithium batteries, an empty blister pack, and a set of digital scales.

The officers found scales and a box of aluminum foil in the living room, and a book on manufacturing meth. The bag that was next to the front door contained bottles with off-white sludge and black flecks on the tubing, thus indicating a reaction vessel that is used to make meth. In one of the other bathrooms, the police officers recovered

4

more bottles hidden behind the shower curtain, a large cup that contained a funnel, and drain cleaner that is commonly used in the manufacture of meth.

The police officers removed several items from the residence and transported them to the Indiana State Police Post. The substances found on the coffee filters tested positive for meth and weighed nearly fifteen grams. The clear liquid recovered from the plastic bag was tested and found to contain meth.

The State charged Kucenski with Count I, dealing in meth, a class A felony, neglect of a dependent, a class C felony under Count II, and Count III, maintaining a common nuisance, a class D felony. Following a jury trial on April 13, 2011, Kucenski was found guilty as charged.

On June 20, 2011, the trial court sentenced Kucenski to forty-five years for dealing in meth, seven years for neglect of a dependent, and two years for maintaining a common nuisance. The sentences on Counts I and II were ordered to be served consecutively and the sentence imposed on Count III was ordered to be served concurrently with the other Counts.

The trial court found Kucenski's substantial and lengthy criminal history as a significant aggravating circumstance. The trial court declined to find Kucenski's drug addiction as a significant mitigating factor because it was determined that Kucenski had several opportunities to address his addiction in the past, but failed or refused to take advantage of them.

5

## DISCUSSION AND DECISION

### I. Sufficiency of the Evidence

Kucenski claims that the evidence was insufficient to support his conviction for neglect of a dependent, a class C felony.[4] As Kucenski argues above, he maintains that this conviction must be set aside because the State failed to prove that he voluntarily assumed M.R.'s care and that the evidence failed to demonstrate that Kucenski exposed M.R. to the dangers of meth production.

When reviewing challenges to the sufficiency of the evidence, we neither reweigh the evidence nor judge witness credibility. Henley v. State, 881 N.E.2d 639, 652 (Ind. 2008). We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence. Id. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id. To sustain a conviction for neglect of a dependent, the activity proven must have placed the child in a situation where the danger is actual and appreciable. State v. Downey, 476 N.E.2d 121, 123 (Ind. 1985).

The statute under which Kucenski was charged provides that

> (a) A person having the care of a dependent, whether assumed voluntarily or because of a legal obligation, who knowingly or intentionally:

---

[4] Kucenski does not challenge the validity of the other convictions.

(1)     places the dependent in a situation that endangers the dependent's life or health;

. . .

commits neglect of a dependent, a Class D felony.

(b) However, the offense is:

(1) a Class C felony if it is committed under subsection (a)(1), (a)(2), or (a)(3) and:

(A) results in bodily injury; or

(B) is:

(i) committed in a location where a person is violating IC 35-48-4-1 (delivery, financing, or manufacture of cocaine, methamphetamine, or a narcotic drug). . . .

I.C. § 35-46-1-4.

In this case, the State's charging information provided that

[O]n or about the 28th day of March, 2010, . . . Kucenski having care of M.R., a dependent, whether assumed voluntarily or because of legal obligation, did knowingly place M.R., his dependent, in a situation endangering her health, by keeping M.R. in a location where a person is violating I.C. § 35-48-4-1.1, to-wit: manufacturing methamphetamine . . . .

Appellant's App. p. 55.

Even assuming solely for the sake of argument that Kucenski had voluntarily assumed the care of M.R., the State failed to show that Kucenski knowingly placed M.R. in a position that endangered her health, as required by the statute. Indeed, the knowing exposure of a dependent to an environment of illegal drug usage poses an actual and appreciable danger to that dependent. White v. State, 547 N.E.2d 831, 836 (Ind. 1989).

7

However, if there is no evidence that the defendant places a child in actual, appreciable danger, the conviction cannot stand. Dayton v. State, 501 N.E.2d 482, 484 (Ind. Ct. App. 1986).

As noted above, the evidence established at trial that M.R. had left the residence to visit her grandmother the day before the alleged manufacturing, as charged, took place. After M.R. left the house, Kucenski and Rumbaugh went to purchase the cold pills to manufacture the meth. Tr. p. 125-26. It is undisputed that M.R. had not returned to the residence when Kucenski and Rumbaugh manufactured and smoked the meth. Id. at 118-19.

In sum, the evidence established that M.R. was nowhere around when the apparent manufacture of meth that Kucenski was charged with and subsequently convicted of took place. Moreover, the State acknowledges that it "is not known if Kucenski ever manufactured meth with M.R. present." Appellee's Br. p. 9.

As a result, the evidence does not support the reasonable inference that the activity and danger alleged in Count II of the charging information amounted to an actual and appreciable danger to M.R. under Indiana Code section 35-46-1-4. Thus, Kucenski's conviction and sentence on this offense cannot stand.

## II. Sentencing

Kucenski next claims that the forty-five year sentence imposed for dealing in meth was inappropriate in light of the nature of the offenses and his character. We have the constitutional authority to revise a sentence if, after due consideration of the trial court's

8

decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. App. Rule 7(B). We give the trial court's sentencing decision due consideration, and we recognize and understand the unique perspective that a trial court brings to its sentencing decisions. Delao v. State, 940 N.E.2d 849, 853 (Ind. Ct. App. 2011). The principal role of our review is to attempt to leaven the outliers and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes. Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). The burden is on the defendant to persuade us that the sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

As for the nature of the offense, we first note that the sentencing range for a class A felony is between twenty and fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4. The record in this case demonstrates that Kucenski manufactured meth in the residence that he shared with Rumbaugh and her thirteen-year-old daughter for over six months. Tr. p. 113-15, 131, 133, 137-39. The manufacture of the drug is an inherently dangerous procedure that involves volatile and corrosive chemicals, and there was the possibility of explosion and fire as a result of the manufacturing process. Id. at 199-200.

Kucenski was found in possession of 15.64 grams of meth, which was more than five times the amount necessary to prove dealing in meth as a class A felony. Ind. Code § 35-48-4-1.1. In short, Kucenski's challenge to his sentence with regard to the nature of the offense is unavailing.

9

As for Kucenski's character, the record shows that his criminal history began as a juvenile in 1995. Appellant's App. p. 59-60. Between 1997 and 1999, Kucenski had nine separate juvenile adjudications for crimes that would be adult felonies. During his adulthood, Kucenski amassed five felony convictions including two thefts, escape, possession of cocaine or a narcotic drug, and criminal recklessness while armed with a deadly weapon. Id. at 60-62. Kucenski violated probation five times and failed to appear for court proceedings on eleven occasions. Id.

In sum, Kucenski's criminal history establishes that he is disdainful of the entire judicial process. Kucenski continually fails to conform his conduct to the requirements of the law and society. Although Kucenski argues that his drug addiction is the primary cause of his problems, his criminal history demonstrates that he had several opportunities to obtain treatment for his addictions. However, he has either failed or refused to take advantage of such opportunities and he has continued to abuse drugs and/or manufacture them. Thus, we can only conclude that Kucenski has not met his burden of showing that his sentence was inappropriate. Therefore, we decline to set aside the forty-five-year sentence that the trial court imposed for dealing in meth.

The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions to vacate Kucenski's conviction and sentence for the neglect of a dependent.

DARDEN, J., and BAILEY, J., concur.