**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 01 2014, 8:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW J. MCGOVERN**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFERY SPINKS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1307-CR-299 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Kelli E. Fink, Magistrate
Cause No. 82C01-1201-FA-124

April 1, 2014

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

Case Summary and Issues

Following a jury trial, Jeffery Spinks was convicted of three counts of child molesting, each a Class A felony (Counts I-III); child molesting, a Class C felony (Count IV); and sexual misconduct with a minor, a Class B felony (Count V). Spinks presents three issues for our review:

1. Whether the trial court erroneously permitted vouching testimony in violation of Indiana Evidence Rule 704(b);
2. Whether Spinks was erroneously convicted under Count V for an offense with which he was never charged; and
3. Whether the aggravated sentence is inappropriate and should be revised under Appellate Rule 7(B).

We conclude that any error in admitting the testimony was invited, but that Spinks was erroneously convicted under Count V; nevertheless, we find that the sentence for his remaining convictions is not inappropriate. Therefore, we affirm in part and reverse in part.

Facts and Procedural History

In 2005, ten-year-old Am.B. and thirteen-year-old An.B., half-sisters (collectively, "the sisters"), were placed with an aunt, uncle, and three younger cousins. The sisters were formally adopted by the family in 2007.[1] Their older cousin, Tosha, was in a romantic relationship with Spinks, and the two lived together. In 2006, while Tosha was babysitting the sisters, Spinks took Am.B. into the kitchen and caressed her genitals through her clothing. At the time, Spinks was twenty-eight and Am.B. was eleven. When Am.B. was twelve, Spinks asked Am.B. if he could touch her beneath her clothing. She refused initially but eventually gave in at Spinks's insistence. Spinks put his finger

---

[1] Though after the adoption the aunt and uncle legally became the sisters' parents and their cousins became siblings, for clarity, the relevant individuals will be referred to by their pre-adoption relationships.

in Am.B.'s vagina and told Am.B. not to tell anyone about the contact. Around the same time, Spinks asked Am.B. to touch him. Am.B. was reluctant but eventually agreed. She first touched him through his clothes, and then proceeded to touch his penis directly. When she was thirteen, Am.B. twice performed oral sex on Spinks. Spinks told Am.B. that he wanted to take her virginity. The first four times he attempted to have intercourse with Am.B., Spinks was unsuccessful. Spinks then had intercourse with Am.B. three separate times at Am.B.'s home.

Spinks also had intercourse with An.B. once at his house when An.B. was fourteen. There was no other sexual contact between the two. An.B. did not tell anyone, but she kept a journal and in it discussed her relationship with Spinks. Tosha found the journal, and An.B.'s aunt and uncle confronted her about what she wrote. None of the adults made a report about this sexual contact to the Indiana Department of Child Services or police.

In November 2011, Am.B. told a school counselor about Spinks's sexual contact with her. Spinks was subsequently interviewed by Detective Brian Turpin of the Evansville Police Department, and he admitted to telling Am.B. that he loved her but not in a sexual way. He denied all allegations of sexual contact between himself and either of the sisters.

On January 26, 2012, Spinks was charged with child molesting, a Class A felony (Counts I-III); child molesting, a Class C felony (Count IV); and child molesting, a Class A felony (Count V).[2] Spinks's trial was originally set for March 2013 but was continued

---

[2] Counts I-IV were all based on Spinks's conduct with Am.B. Count V was based on the conduct with An.B. Spinks was also initially charged with two other counts of child molesting relating to another victim, but the

after one of the State's witnesses was in a car accident. The case was reset to April 3, 2013, but ended in a mistrial after a witness violated a motion in limine. The second jury trial was held April 22-23, 2013, and at the end of the State's presentation of evidence, Spinks moved for judgment on the evidence. The court denied the motion as to Counts I-IV, but granted it as to Count V. The court agreed with Spinks that the State failed to prove An.B. was under the age of fourteen at the time of the crime in order to meet all of the elements of the child molesting statute; the evidence was that An.B. was fourteen at the time. The court then allowed the State to proceed under Count V by considering the offense of sexual misconduct with a minor as a lesser included offense of child molesting. Spinks's renewed motion for judgment on the evidence at the conclusion of the case was denied. The jury returned a guilty verdict on all charges. Spinks was sentenced to forty-five years each on Counts I-III, seven years on Count IV, and eighteen years on Count V, all to run concurrently, for an aggregate of forty-five years executed. This appeal followed.

Discussion and Decision

I. Detective Turpin's Vouching Testimony

A. Standard of Review

Spinks first argues that Detective Turpin's testimony amounted to impermissible vouching of the sisters' testimony in explaining the delay between the time the acts occurred and when the incidents were reported. Indiana Evidence Rule 704(b) prohibits a witness from providing opinions about "intent, guilt, or innocence in a criminal case; the

---

court severed those counts and they are irrelevant to this appeal. An habitual offender enhancement was also filed but dismissed by the State after the trial.

truth or falsity of allegations; whether a witness has testified truthfully; or legal conclusions." This type of testimony invades the province of the jury to determine what weight should be placed upon a witness's testimony. Gutierrez v. State, 961 N.E.2d 1030, 1034 (Ind. Ct. App. 2012). Generally, though, "errors in the admission of evidence are to be disregarded unless they affect the substantial rights of a party. In viewing the effect of the evidentiary ruling on a defendant's substantial rights, we look to the probable impact on the fact finder." Hoglund v. State, 962 N.E.2d 1230, 1238 (Ind. 2012).

Spinks did not object to Detective Turpin's testimony at trial but claims nonetheless we should overturn his convictions based on the extremely narrow rule of fundamental error. The failure to object typically results in forfeiture and precludes appellate review unless the admission created a fundamental error. Konopasek v. State, 946 N.E.2d 23, 27 (Ind. 2011). Fundamental error occurs when the admission of evidence "makes a fair trial impossible or constitutes clearly blatant violations of basic and elementary principles of due process presenting an undeniable and substantial potential for harm." Gutierrez, 961 N.E.2d at 1034 (citation omitted).

### B. Detective Turpin's Testimony

After Detective Turpin testified, the jury submitted the following question: "What is the average delay time when a victim reports a sex crime?" There was a follow-up question of, "What is the longest you can remember?" Transcript at 242. When reviewing the first question with the court before it was asked of the detective, defense counsel stated, "No, I don't object." Id. The court then asked if it was okay to ask the second part of the question, and defense counsel stated, "Yes." Id. at 243. On appeal,

Spinks cannot now complain about the admissibility of the answer to these questions because he expressly agreed the questions were acceptable. A party may not invite error and then later argue that the error supports reversal. Kingery v. State, 659 N.E.2d 490, 494 (Ind. 1995). This type of error also is not fundamental error. Id. Spinks is therefore estopped from claiming error based on questioning to which he expressly consented.

## II. The Amendment of Count V

At the conclusion of the State's case-in-chief, Spinks moved for a judgment on the evidence as to all counts. After hearing arguments on Spinks's motion for judgment on the evidence, the court concluded that as to Counts I-IV, the motion was denied, but as to Count V, the motion was granted. Subsequently, the court, over Spinks's objection, allowed the State "to proceed on the lesser offense of Count V." Tr. at 270.

Spinks argues the sexual misconduct with a minor charge was improperly treated as a lesser included offense of child molesting, and any subsequent jury instruction regarding that count was in error. The State argues that the change from child molesting to sexual misconduct with a minor was an amendment to the count altogether, not a lesser included offense, and because the change was only of form, not substance, it was appropriate. The trial court's ruling is unclear as to whether it treated sexual misconduct with a minor as a lesser included offense of child molesting or if it treated the motion as an amendment altogether.[3] We will analyze the change to Count V under both possibilities, but reach the same conclusion: the change was impermissible.

_____

[3] The confusion arises from many conflicting statements made at trial:

State:    Your Honor, and just for the record purposes, we have indicated that based on the testimony, we've indicated both to [defense counsel] and the Court this morning that depending on the testimony of [An.B.], that the State would be asking for a lesser included Sexual Misconduct on that charge that reflects her. [sic] Tr. at 254.

6

A. Sexual Misconduct with a Minor as a Lesser Included Offense of Child Molesting

1. Standard of Review

Instructing the jury is a task which lies within the discretion of the trial court. Hartman v. State, 669 N.E.2d 959, 962 (Ind. 1999). We will reverse only if the instruction given constitutes an abuse of discretion. Id. We evaluate whether the allegedly erroneous instruction so affects the entire charge that the jury was misled as to the law of the case. McCullough v. State, 608 N.E.2d 1009, 1010 (Ind. Ct. App. 1993). If so, reversal is required. Id. If, as a whole, the instructions correctly and fully state the law, the instructions are not erroneous. Id.

2. Lesser Included Offense

A criminal defendant is entitled to clear notice of the charges against him. Ind. Const. art. 1, § 13. "When a defendant is convicted of a lesser included offense which was not separately charged by the State, we look to whether the accused was placed upon

---

*** 
State:    In this case, the threshold age was fourteen for [An.B], you know, by it's [sic] very nature, a lesser included offense is something that has been proved, by the evidence, to be an offense against the laws of the State that's included in the main charge, but not necessarily the main charge is not proven, and I think that the State is clearly entitled to a lesser included in [sic] this. It's, by it's [sic] very nature, a lessor [sic] included offense. Id. at 262-63.
***
Court:    …[B]ut I do think, based on the Barger case, the State is requesting an opportunity to proceed, and I think, as [defense counsel] indicated, it is basically a Motion to Amend, it could be considered a Motion to Amend, but either way, they are requesting an opportunity to proceed on the lessor [sic] class offense of Sexual Misconduct With a Minor as a B felony, and I am going to allow them to do that, so they will be allowed to do that as to Count V. Id. at 264.
***
Court:    I don't know if the proper thing to do is to tell them verbally that I've determined that they are not going to consider Count V as an A felony, but I've determined it's a B felony, I'm open to suggestions for that or if you want me to put in in the instructions, I could do that too.
Spinks:  I just think if you're not going to dismiss it, they have to have a verdict form on it.
Court:    On?
Spinks:   Count V.
Court:    I think I've granted, I may not have said it, but I think I've granted judgment on the evidence as to Count V, but allowed them to proceed. . .
Spinks:  Oh, okay.
Court:    But allowed them to proceed on the lessor [sic] offense of Count V.  Tr. at 269-70.
***
Spinks:  So that's going to be substituted Count V?
Court:    Yes, yes. Id. at 271.

fair notice as to the crime against which he must defend." McGowan v. State, 671

N.E.2d 1210, 1212 (Ind. Ct. App. 1996). Our supreme court has established a three-step

test to determine if one offense is a lesser included offense of another:

> First, the trial court must compare the statute defining the crime charged with the statute defining the alleged lesser included offense to determine if the alleged lesser included offense is inherently included in the crime charged. Second, if a trial court determines that an alleged lesser included offense is not inherently included in the crime charged under step one, then it must determine if the alleged lesser included offense is factually included in the crime charged. If the alleged lesser included offense is neither inherently nor factually included in the crime charged, the trial court should not give an instruction on the alleged lesser included offense. Third, if a trial court has determined that an alleged lesser included offense is either inherently or factually included in the crime charged, it must look at the evidence presented in the case by both parties to determine if there is a serious evidentiary dispute about the element or elements distinguishing the greater from the lesser offense and if, in view of this dispute, a jury could conclude that the lesser offense was committed but not the greater.

Webb v. State, 963 N.E.2d 1103, 1106 (Ind. 2012) (citations and quotations omitted).

When analyzing the first step, if the alleged lesser included offense may be

established by proof of the same material elements or less than all the material elements,

it is inherently included in the crime charged. Sturgeon v. State, 719 N.E.2d 1173, 1182

(Ind. 1999). Applying that, it is apparent sexual misconduct with a minor is not

inherently included in the language of the child molesting statute. The offense of child

molesting, Indiana Code section 35-42-4-3, is defined as:[4]

> (a) A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if:
> (1) it is committed by a person at least twenty-one (21) years of age;
> (2) it is committed by using or threatening the use of deadly force or while armed with a deadly weapon;

---

[4] Only the relevant portions of the statute which the court considered as the charged offense and lesser included offenses have been reproduced here.

8

(3) it results in serious bodily injury; or

(4) the commission of the offense is facilitated by furnishing the victim, without the victim's knowledge, with a drug (as defined in IC 16-42-19-2(1)) or a controlled substance (as defined in IC 35-48-1-9) or knowing that the victim was furnished with the drug or controlled substance without the victim's knowledge.

The offense of sexual misconduct with a minor, Indiana Code section 35-42-4-9, is defined as:

(a) A person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits sexual misconduct with a minor, a Class C felony. However, the offense is:

(1) a Class B felony if it is committed by a person at least twenty-one (21) years of age; and

(2) a Class A felony if it is committed by using or threatening the use of deadly force, if it is committed while armed with a deadly weapon, if it results in serious bodily injury, or if the commission of the offense is facilitated by furnishing the victim, without the victim's knowledge, with a drug (as defined in IC 16-42-19-2(1)) or a controlled substance (as defined in IC 35-48-1-9) or knowing that the victim was furnished with the drug or controlled substance without the victim's knowledge.

Age is a material element of each statute; the State must prove the victim of child molesting is under the age of fourteen and that the victim of sexual misconduct with a minor is at least fourteen and less than sixteen years old. A victim either is or is not older than fourteen at the specific time a crime occurs; she cannot be both. Sexual misconduct with a minor therefore is not inherently included in child molesting.

As to the second step, if the charging instrument alleges that the means used to commit the crime charged include all of the elements of the alleged lesser included offense, then the alleged lesser included offense is factually included in the crime charged. Sturgeon, 719 N.E.2d at 1182-83. Sexual misconduct with a minor is not

9

factually included in the charged offense. Count V alleges: "[B]etween May 1, 2006 and August 1, 2007, [Spinks], being at least twenty-one (21) years of age, did perform sexual intercourse with a child under the age of fourteen (14) years, to-wit: An.B. . . ." Appellant's Appendix at 20. This charged conduct did not satisfy all the elements of sexual misconduct with a minor because it did not allege Spinks engaged in sexual intercourse with a child at least fourteen and under sixteen.

Because sexual misconduct with a minor is not either inherently or factually a lesser included offense of child molesting, the trial court's instruction to the jury on this count was so erroneous as to mislead the jury as to the law of the case and the conviction must be reversed.

### B. Amendment of Count V

#### 1. Standard of Review

The State urges us to consider the change in Count V as an amendment of the charge. Amendments can either be substantive amendments, amendments of form, or amendments to correct immaterial defects; all are governed by Indiana Code section 35-34-1-5. An amendment may be made at any time to correct an immaterial defect. Ind. Code § 35-34-1-5(a). An amendment may also be made at any time before, during, or after a trial to correct "any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant." Ind. Code § 35-34-1-5(c). An amendment of substance is also permissible, but under more narrow circumstances:

> (b) The indictment or information may be amended in matters of substance and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant at any time:
>     (1) up to:

(A) thirty (30) days if the defendant is charged with a felony;

\*\*\*

before the omnibus date; or

(2) before the commencement of trial;

if the amendment does not prejudice the substantial rights of the defendant. When the information or indictment is amended, it shall be signed by the prosecuting attorney or a deputy prosecuting attorney.

Ind. Code § 35-34-1-5(b). Whether an amendment is of substance or form is a question of law, which we review de novo. Gibbs v. State, 952 N.E.2d 214, 221 (Ind. Ct. App. 2011), trans. denied.

Here, it is important to recognize what the trial court actually did when it agreed to allow the change from child molesting to sexual misconduct with a minor: the court granted Spinks's motion for a judgment on the evidence as to Count V. Trial Rule 50(A) provides:

> Where all or some of the issues in a case tried before a jury or an advisory jury are not supported by sufficient evidence or a verdict thereon is clearly erroneous as contrary to the evidence because the evidence is insufficient to support it, the court shall withdraw such issues from the jury and enter judgment thereon or shall enter judgment thereon notwithstanding a verdict.

The trial court properly withdrew Count V (child molesting) from the jury.[5] Count V then, in effect, did not exist to be amended. That would mean the State's amended Count V (sexual misconduct with a minor) was actually a new charge (with a duplicative count number), not the revision of an existing charge, since the once-existing charge had already been dismissed.[6]

---

[5] The record is silent as to if the court actually entered a judgment of acquittal for Spinks on Count V - child molesting after granting his motion.

[6] We do not reach the question of whether the amendment would have been one of form or substance had the trial court not entered judgment on the evidence in the defendant's favor on Count V before attempting to modify the charge.

Our first step then is to determine whether the amendment was of substance, or one of form or immaterial defect. Fajardo v. State, 859 N.E.2d 1201, 1207 (Ind. 2007). "[A]n amendment is one of form, not substance, if both (a) a defense under the original information would be equally available after the amendment, and (b) the accused's evidence would apply equally to the information in either form. And an amendment is one of substance only if it is essential to making a valid charge of the crime." Id. The original charging information accused Spinks of three counts of Class A felony child molesting and one count of Class C felony child molesting with regards to Am.B. and Class A felony child molesting against An.B. The amended charging information accused Spinks of the aforementioned conduct and added the new charge of Class B sexual misconduct with a minor. Our supreme court has stated, "[B]ecause the amendment charges the commission of a separate crime, it also is unquestionably essential to making a valid charge of the crime, and thus it is not disqualified from being considered an amendment to a matter of substance." Id. at 1208.[7]

Under the circumstances of this case, we consider the addition of an entirely new charge, comprised of distinct elements from which Spinks was originally charged, to be an amendment of substance. This amendment then was required to be made before trial, and in writing. Ind. Code § 35-34-1-5(b). Here, the amendment was not sought until after the conclusion of the State's case-in-chief. Using this analysis, the conviction and sentence for Count V, sexual misconduct with a minor, also must be vacated.

---

[7] Our reasoning from Section II-A, *supra*, establishes that sexual misconduct with a minor and child molesting are separate crimes.

12

### III. Inappropriate Sentence

#### A. Standard of Review

Indiana Appellate Rule 7(B) gives reviewing courts the authority to revise a defendant's sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Our main purpose in reviewing a sentence is to "leaven the outliers[] and identify some guiding principles for trial courts . . . but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). The advisory sentence is our starting point for considering the nature of the offense, and the aggravating and mitigating factors, along with other considerations, are part of our review of the character of the offender. Clara v. State, 899 N.E.2d 733, 736 (Ind. Ct. App. 2009). It is the defendant's burden to persuade the reviewing court that the sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

#### B. Spinks's Sentence

We first note that, because we have determined Spinks's Class B felony sexual misconduct with a minor conviction cannot stand, we will evaluate his sentence only with regard to the remaining four convictions. Spinks was sentenced to an aggregate of forty-five years executed in the Department of Correction; forty-five years for each of the three Class A felonies and seven years for the Class C felony, all to run concurrently. A Class A felony ranges in sentence from twenty to fifty years, with thirty years as the advisory sentence. Ind. Code § 35-50-2-4. A Class C felony ranges from two to eight years, with four years as the advisory sentence. Ind. Code § 35-50-2-6. The trial court found Spinks's mental health history as a mitigating circumstance. It found as aggravators his

position of care and control over the sisters, the nature and circumstances of the crimes, and his criminal history.

Spinks argues that the nature of his offense was no worse than what is inherently done in commission of the crime and that there was no evidence of brutality or violence. He further argues that Am.B. was at the threshold-age of thirteen at the time some of the crimes occurred and that should result in a sentence at the lower end. In Spinks's commission of his crimes, he asked Am.B. several times to participate in sexual activities and repeated his requests until she would acquiesce, starting when she was just eleven years old. He also gradually increased the type of sexual contact until he persuaded her to have intercourse. Even after he was physically unsuccessful in having intercourse with her, he tried repeatedly until he was successful. Spinks was in such a position of care and trust as a family friend that both sisters felt as if he was a big brother to them. Spinks has not carried his burden to persuade us that his sentence is inappropriate in light of the nature of the offenses.

Regarding his character, Spinks argues that despite his ten prior felony convictions (burglary, theft, escape, residential entry, and six acts of auto theft), and one misdemeanor conviction (driving while suspended), none of his crimes were crimes of violence. In his pre-sentence investigation report, Spinks was assessed at a high risk to reoffend. He has been in trouble with the authorities since he was a juvenile and still continues this pattern of illegal conduct. While the trial court found that Spinks has mental health issues as a mitigating factor, there is little in the record to convince us that, based on his character, he is deserving of a reduced sentence. For these reasons, the

14

sentence is not inappropriate in light of the nature of the offense and the character of the offender.

## Conclusion

We conclude that any error in admitting the allegedly vouching testimony was invited, but that Spinks was erroneously convicted under Count V regardless if the charge was treated as a lesser included offense or an amendment to the charging information. Nonetheless, we find that the sentence on the remaining four convictions is not inappropriate under Appellate Rule 7(B). Therefore, we affirm in part and reverse in part.

Affirmed in part, reversed in part.

BARNES, J., and BROWN, J., concur.